Harold H. KNOESEL and Eunice I. Knoesel, Plaintiffs-Respondents,

v.

FIBER–LUM, INC., et al., Defendants-Appellants.

No. 37238.

Missouri Court of Appeals, St. Louis District, Division One.

May 31, 1977.

Ziercher, Hocker, Tzinberg, Human & Michenfelder, Leonard D. Vines, Clayton, for defendants-appellants.

Kappel, Neill, Staed & Wolff, Robert E. Staed, St. Louis, for plaintiffs-respondents.

WEIER, Judge.

Defendants appeal from a judgment and decree of the trial court determining that a deed of trust purportedly signed by the plaintiffs in favor of defendants was null and void and of no force and effect. The judgment further ordered that the defendants be permanently enjoined from foreclosing on the plaintiffs' real estate in St. Louis County. Plaintiffs entered into a contract with the defendant Fiber-Lum, Inc., for remodeling work on their home. The work was never completed and that which was done was performed in an unskillful manner. Plaintiffs did not complete payment to defendants for the contract price and defendants attempted to foreclose on plaintiffs' property for default on a note secured by deed of trust. The plaintiffs alleged these instruments were obtained by forgery or by fraud. The trial court in its findings of facts and conclusions of law found that the alleged note and deed of trust were obtained by deceit, forgery and fraud, and the plaintiffs never executed either instrument in favor of the defendants.

In the court-tried case the trial judge could have found and inferred from the evidence that the plaintiffs Harold and Eunice Knoesel signed a contract with the defendant Fiber-Lum, Inc., and its representative Robert Farrelli in June of 1968 for home improvements. The Knoesels had

intended to finance improvements from outside sources and had no discussion at any time with any of the defendants concerning financing. Fiber-Lum commenced work about three weeks later and worked on and off until the end of September when they informed the Knoesels that they were through with the job. Plaintiffs presented testimony that the work was not finished and that which was done was done in an unworkmanlike manner. Defendant Don Garrison, officer of Fiber-Lum, offered plaintiffs $300 in materials to finish the job in exchange for their signing of the certificate of completion. Respondents refused the offer. Defendants presented no evidence denying the offer was made.

Don Garrison frequently went to plaintiffs' home both during and after the work period. On one of the occasions in October 1968, he took from plaintiffs their copy of the original contract with Fiber-Lum. In its place plaintiffs testified that Garrison substituted a purported sales contract which plaintiffs denied signing and which differed from the original contract in several respects. Whereas Robert Farrelli had signed the original, the signature of a Mr. Simondson appeared on the contract in evidence as the representative of Fiber-Lum. Plaintiffs further testified that they never dealt with a Mr. Simondson and that the contract which was produced in evidence on behalf of the defendants omitted certain sentences and a clause which appeared in the original contract to the effect that "the job was to be completed to customer's satisfaction." The plaintiffs denied signing the note and deed of trust produced by defendants' counsel and introduced in evidence.

On December 1, 1968, the Knoesels moved to California where they lived until they returned to St. Louis in May of 1970. Prior to leaving they received a payment book and letter signed by one "Rosalie" from D & M Management Company stating that D & M Management Company had purchased a note secured by deed of trust from Fiber-Lum. Although the address of D & M Management Company which appeared on the payment book differed from that of Fiber-Lum and Rosalie's signature had never appeared on any contract from Fiber-Lum, later testimony showed that Fiber-Lum and D & M Management Company were operated out of the same building, and that Rosalie was defendant Margaret Rosalie Garrison, president and treasurer of Fiber-Lum. D & M Management Company was registered under the "fictitious name law" of the State of Missouri and was owned by Fiber-Lum, Inc. Plaintiffs did not make payments because of their dissatisfaction with the work done.

On January 12, 1969, plaintiffs received a newspaper clipping from a relative describing a foreclosure sale on their property. Neither Fiber-Lum nor D & M Management Company had ever sent notice of foreclosure to the respondents. On advice of counsel respondents made fourteen payments totaling over $1400 to appellants in order to stop foreclosure. Respondents made payments during the time they were in California. While there they received a letter dated July 24, 1969, signed by one L. Garrison stating that he had been assigned their note and all future payments should be made to a certain post office box in East St. Louis, Illinois.

At trial a deposition of Lonnie Garrison was offered by plaintiffs and admitted into evidence in which the witness testified that the letter from "L. Garrison" dated July 24, 1969, was sent and signed by his son Don Garrison, one of the defendants. Further the initials "L.G." which appeared numerous times on the payment book were put there by Don Garrison. Lonnie Garrison stated that he never saw the payment book but that he did trade some of his farm land in Illinois for the notes and deeds of trust including those of the Knoesels. The letter purported to have been signed by him was dated July 24, 1969. But deeds to Don and Margaret on land in Illinois were not executed until March 9, 1970, and June 28, 1972. Further testimony established that Don Garrison applied for the post office box in East St. Louis, the address to which payments were directed to be made and that checks sent to that post office box by the Knoesels were cashed by Don Garrison using the endorsement "L. Garrison."

On July 21, 1971, without prior notice to plaintiffs, the defendants again published notice of foreclosure. This action was taken despite the fact that Fiber-Lum, Inc., was a defunct corporation since its certificate of incorporation had been cancelled by the State of Missouri on January 1, 1971. This suit followed. It alleged fraud, forgery, deceit, usury and a lack of consideration in Count I and fraudulent assignment of the note and deed of trust to L. Garrison in violation of a St. Louis County Circuit Court injunction in Count II. Both counts prayed that the court issue an injunction restraining defendants from foreclosure proceedings; that the court cancel the note and deed of trust and for damages. The court granted injunctive relief and cancelled the two instruments.

Defendants first contend that the court erred in finding that the plaintiffs did not sign the promissory note and deed of trust contrary to the overwhelming weight of the evidence. We review this case upon both the law and the evidence as in suits of equitable nature giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. Rule 73.01(3). This has been construed to mean that the decree of the trial court "will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

Both of the plaintiffs testified that they did not sign the promissory note and deed of trust. Neither the defendant Don Garrison nor the defendant Margaret Garrison took the stand to testify. This in itself without a valid explanation raises a strong presumption that their testimony would have been unfavorable. *Ehrle v. Bank Building & Equipment Corporation of America*, 530 S.W.2d 482, 493[14] (Mo.App. 1975). Defendants did produce a handwriting expert who stated as his opinion that the signatures were the signatures of Mr. and Mrs. Knoesel. The court's determination on this matter was based upon substantial evidence; and since the trial judge would be in a better position to judge the credibility of the witnesses, we defer to the trial court's determination in this matter.

The defendants further contend that there was no proof as to any elements of fraud in the procurement of the deed of trust and therefore that the court's finding was against the weight of the evidence. It is true that to prove a case of fraud the elements of fraud must be proven. "The essential elements are that (1) a representation was made of a material fact which was false and known to be false, or was recklessly made, (2) the statement was made with intent that it should be relied upon by the person and in the manner reasonably contemplated, (3) that the hearer was ignorant of the falsity of the statement, (4) that the hearer had a right to rely thereon and did in fact do so, and (5) that the plaintiff was induced thereby to act to his consequent and proximate injury." *Yeager v. Wittels*, 517 S.W.2d 457, 463[4, 5] (Mo.App. 1974). Although the burden of proof rests upon the parties asserting fraud, *Powers v. Shore*, 248 S.W.2d 1, 6[6] (Mo.banc 1952), fraud can be shown by circumstantial evidence. *Blakeley v. Bradley*, 281 S.W.2d 835, 839[2] (Mo.1955).

Defendants complain particularly that there was no evidence of a fraudulent misrepresentation. But the representation on the part of the defendants that the note and deed of trust had been signed by the plaintiffs, whereas in fact they were proved to be forged documents, is fraudulent. Such proof of forgery of a document in issue as to its validity satisfies the requirement that there be a representation of a material fact which was false. *Universal*

C.I.T. Credit Corporation v. Tatro, 416 S.W.2d 696, 702 (Mo.App.1967).

■ The defendants further contend that the court erred in finding that the note and deed of trust was obtained by deceit, forgery and fraud because said findings are "mutually exclusive, inconsistent, antagonistic and contradictory." In reply to this we can only say that trickery and deceit are frequently used to defraud and are in themselves badges of fraud. *Smile v. Lawson,* 506 S.W.2d 400, 403 (Mo.1974). *See also Universal C.I.T. Credit Corporation v. Tatro, supra.*

The judgment of the court is affirmed.

CLEMENS, P. J., and DOWD, J., concur.