Naomi HOER, Plaintiff/Respondent,

v.

Robert E. SMALL and Sterling
National Land Company, Inc.
Defendants/Appellants.

No. 75321.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 20, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 1, 1999.

Application for Transfer Denied
Oct. 26, 1999.

Robert E. Jones, Lori A. Schmidt, Clayton, for appellants.

Alan G. Kimbrell, St. Louis, for respondent.

LAWRENCE G. CRAHAN, Judge.

Robert Small, ("Defendant") appeals an adverse judgment pursuant to a jury verdict finding him liable for fraud and breach of fiduciary duty. The jury awarded Naomi Hoer ("Plaintiff") $55,000 in actual damages for fraud, $80,000 in actual damages for breach of fiduciary duty and $150,000 in punitive damages for breach of fiduciary duty. We dismiss the appeal due to Defendant's blatant violation of Rule 84.04(c). Instead of apprising the court of the evidence in the light most favorable to the verdict, Defendant's statement of facts recounts only those portions of Defendant's testimony tending to show that Defendant did not commit fraud or breach his fiduciary duty.

Viewed in the light most favorable to the verdict, the facts are as follows: In December 1983, Plaintiff was awarded $500,000 for the wrongful death of her husband. Defendant owned Sterling National Land Co. ("Sterling Realtors"), a real estate brokerage firm, and was acquainted with Plaintiff. In February 1984, and with knowledge of her award, Defendant began approaching Plaintiff about a farm he wanted to sell her. Defendant contacted Plaintiff and her family several times about the purchase. Defendant said that he needed some cash quickly and would take $8,000 more than he had paid for the farm a few weeks earlier. Defendant promised Plaintiff that if she purchased the farm, he would develop the property for free. Defendant sold the farm to Plaintiff for $160,104.25. This was $55,104.25 more than Defendant had paid for the property.

Defendant convinced Plaintiff to execute a revocable trust naming Defendant trustee for the purpose of developing the property. Defendant told Plaintiff to put $100,000 in the trust account. Defendant was supposed to use the trust money to pay for developing costs and make payments on the farm.

 Defendant forged Plaintiff's signature to a warranty deed on the remaining farm. The deed purported to transfer the farm from Plaintiff to Defendant as trustee. Defendant had his mother-in-law falsely notarize the deed.[1]

---

1. Defendant's forgery of this warranty deed and participation in having it falsely notarized is not even mentioned in Defendant's opening brief. In his reply brief, Defendant claims the forgery was a "red herring" and irrelevant to any issue in the case. This is a fraud case, a breach of fiduciary duty case and a punitive damages case. On appeal, Defendant chal-

Shortly thereafter, Defendant used trust funds to purchase two properties for the trust without Plaintiff's prior knowledge or approval. Defendant purchased the properties from Sterling Realtors, his own real estate business. When he told Plaintiff about these purchases, Defendant did not tell Plaintiff that he had used any of the trust funds to purchase the properties. Instead, he told her that he already had renters for the properties and the properties would pay for themselves.

As trustee, Defendant bought the first property from Sterling Realtors for $32,-557.70. Sterling Realtors bought the property the month before for $24,000. The second property was one that Sterling Realtors could not sell. Defendant purchased it from Sterling Realtors for $5,100 more than the list price.

Defendant sold tracts of land from the farm. He claimed to have placed the sales proceeds into the trust account. However, when Plaintiff tried to withdraw money from the account to aid a family member who had cancer, she learned that the account was depleted. Plaintiff fired Defendant as trustee. Only $38 remained in the account and the outstanding mortgage on the farm stood at $60,000.

In 1985, Plaintiff sold the first property the trust had purchased from Sterling Realtors for about the same or a little more than its purchase price. Plaintiff relinquished title to the second property because she could not make the mortgage payments. Plaintiff was able to make three payments on the farm totaling $12,-000. The bank foreclosed on the remaining farm in 1985. Defendant purchased the farm at the foreclosure sale for $60,-000.

The recognized purpose of Rule 84.04(c) is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case. *Porter's Ready–Built, Inc. v. Plummer*, 685 S.W.2d 236, 237 (Mo.App.1985). The function of the appellant's brief is to explain to the court why, despite the evidence seemingly favorable to the respondent, the law requires that appellant must prevail. *Evans v. Groves Iron Works*, 982 S.W.2d 760, 762 (Mo.App.1998).

In complying with the dictates of Rule 84.04(c) and the other requirements of Rule 84.04, counsel must necessarily evaluate the appeal in precisely the manner it will ultimately be evaluated by the reviewing court. *Id.* The appellate court reviews the evidence and reasonable inferences therefrom in the light most favorable to the jury's verdict, disregarding evidence to the contrary. *Seitz v. Lemay Bank and Trust Co.*, 959 S.W.2d 458, 461 (Mo. banc 1998). On appeal the court will reverse the jury's verdict for insufficient evidence only where there is a "complete absence of probative fact" to support the jury's conclusion. *Id.*

When questioned by this court about the failure to apprise this court of virtually all of the evidence tending to support the verdict, Defendant's counsel asserted that he was entitled to rely on Defendant's testimony because Plaintiff called Defendant to testify as part of her case. We disagree. Defendant plainly fell within the adverse witness rule. "When a party calls a witness who comes within the adverse witness rule, the party is bound by

---

lenges the submission of all three to the jury. Forgery is a well recognized badge of fraud. *See Nance v. Nance,* 880 S.W.2d 341, 346 (Mo.App.1994) (transactions different from the usual method of transacting business are a recognized badge of fraud); *Knoesel v. Fiber–Lum, Inc.,* 553 S.W.2d 72,76 (Mo.App. 1977) (trickery and deceit are also badges of fraud). It is also highly relevant to the issue of whether Defendant had the requisite evil

motive or reckless indifference to the rights of others required to support an award of punitive damages. As the Washington Court of Appeals put it in *State v. Stiltner,* 4 Wash.App. 33, 39, 479 P.2d 103, 106 (1971), "Human experience is that an innocent agent does not falsify records and facts to conceal unusual losses from his principal. It is a badge of fraud and evidence of a felonious intent."

that witness's testimony on direct examination if the testimony is uncontradicted or the only testimony on the subject; however, an adverse witness's testimony on cross-examination is not binding on the calling party." *Eidson v. Reproductive Health Services*, 863 S.W.2d 621, 626 (Mo. App.1993). Plaintiff herself directly contradicted Defendant's testimony on virtually all of the material facts, including who initiated the relationship and the nature, extent and timing of Defendant's disclosures and representations. Under such circumstances, in order to challenge the submissibility of Plaintiff's case on appeal, it was incumbent upon Defendant to provide this court with a statement of the evidence in the light most favorable to the verdict, not simply recount Defendant's version of the events.

If Defendant had written the facts in the light most favorable to the verdict, it would have been apparent that his appeal is without merit. Defendant claims that Plaintiff failed to make a submissible case on her allegation of fraud.[2] There was more than sufficient evidence before the jury that Defendant defrauded Plaintiff in her purchase of the farm. Defendant also claims that Plaintiff failed to make a submissible case on her claim of breach of fiduciary duty because she did not prove that Defendant acted with willful abuse of discretion, arbitrarily, fraudulently, dishonestly, or with improper motive. The record is replete with evidence from which the jury could find numerous instances of undisclosed self-dealing from which Defendant reaped substantial profits. The record also amply supports the jury's finding that Defendant acted with the requisite intent to support an award of punitive damages.

"The statement of facts shall be a fair and concise statement of the facts relevant to the question presented for determination without argument." Rule 84.04(c). A biased and slanted statement of facts violates Rule 84.04(c) and is grounds for dismissal. *Brancato v. Wholesale Tool Co., Inc.*, 950 S.W.2d 551, 555 (Mo.App.1997). When a fair and concise statement of facts would have established that the appeal is legally frivolous, this court may assess damages pursuant to Rule 84.19. *Evans*, 982 S.W.2d at 762–763. In the exercise of our discretion, we decline to assess damages in this case. Plaintiff's brief did not contain a concise statement of the errors in Defendant's statement of facts, thus leaving it to this court to prepare its own fair and concise statement of the facts.

For the foregoing reasons the appeal is dismissed.

JAMES R. DOWD, P.J., RICHARD B. TEITELMAN, J., Concur.

---

2. Defendant bases his argument on the idea that his factual assertion to Plaintiff that he was selling the property for $8,000 more than what he paid for it was an opinion as to the value of the property. We disagree.