STATE of Missouri, Respondent,

v.

Thomas L. WAHL, Appellant.

No. ED 79631.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 16, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 28, 2002.

Case Transferred to Supreme Court
Aug. 27, 2002.

Case Retransferred to Court of
Appeals Nov. 26, 2002.

Original Opinion Reinstated
Dec. 20, 2002.

Thomas L. Wahl, St. Louis, pro se.

Robert P. McCulloch, Prosecuting Attorney, Cleveland A. Tyson, Jr., Asst. Prosecuting Attorney, St. Louis County Justice Center, Clayton, for respondent.

PAUL J. SIMON, Judge.

Thomas L. Wahl, defendant, appeals from the judgment entered following the verdict of the jury finding him guilty of prostitution, section 567.020, RSMo 2000 (hereafter, all statutory references are to RSMo 2000). Defendant was sentenced to pay a fine of $300.00. We affirm.

A detective of the St. Louis County Police Department, Adam Kavanaugh, responded to a classified advertisement in the Riverfront Times which promoted an "[e]rotically entertaining and educational live show featuring adult performers." Through the phone number provided in the newspaper, Detective Kavanaugh contacted defendant and scheduled a time, place and price for the show.

Detective Kavanaugh and Detective Michelle Fourtney, accompanied by other members of the special investigations unit, set up surveillance equipment at the agreed meeting place prior to defendant's arrival. Upon the arrival of defendant and his wife, Suzanne Wahl, co-defendant, Detective Kavanaugh paid them $200. Co-defendant excused herself to change her clothing while defendant presented various books, literature and pamphlets of a sexual nature to the two detectives.

Co-defendant then stepped out of the bathroom wearing a black dress. Co-defendant removed her dress. Detective Kavanaugh, with defendant's permission, began videotaping the act. Defendant and co-defendant then placed their mouths on each other's genitals and performed oral sex. The act was stopped and defendant and co-defendant were arrested.

Defendant was charged with prostitution, a class B misdemeanor. On April 18, 2001, the jury found defendant guilty as

charged. The trial court sentenced defendant to pay a fine of $300. Defendant appeals.

On appeal, we review the evidence and reasonable inferences therefrom in the light most favorable to the jury's verdict, disregarding evidence to the contrary. *Hoer v. Small,* 1 S.W.3d 569, 571 (Mo.App. E.D.1999). Appellate courts will reverse the jury's verdict for insufficient evidence only where there is a complete absence of probative fact to support the jury's conclusion. *Id.*

Defendant raises three points on appeal. However, we will first address the issue of the failure of defendant's brief to comply with several provisions of Rule 84.04. Rule 30.06(c) provides that in appeals from criminal matters, the statement of facts, points relied on, argument and appendix shall be prepared as provided in Rule 84.04. In complying with the requirements of Rule 84.04, defendant must necessarily evaluate the appeal in precisely the manner it will ultimately be evaluated by this court. *Hoer v. Small,* 1 S.W.3d at 571. The function of the appellate brief is to explain to the reviewing court why, despite the evidence seemingly favorable to the verdict, the law requires that defendant must prevail. *Id.* Generally, appellate courts are precluded from addressing assertions made for the first time in a reply brief because the state has no opportunity to address the argument, and thus points and arguments omitted from defendant's initial brief may not be supplied by a reply brief. *Coyne v. Coyne,* 17 S.W.3d 904, 906 (Mo.App. E.D.2000). Pro se appellants and attorneys are held to the same appellate procedural rules. *State v. Anderson,* 37 S.W.3d 821, 822 (Mo.App. E.D.2001). Pro se appellants do not receive preferential treatment regarding compliance with appellate procedural rules and the failure to comply with those rules constitutes grounds for the dismissal of an appeal. *Id.*

Rule 84.04(c) provides that "the statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c)'s recognized purpose is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case. *Hoer v. Small,* 1 S.W.3d at 572.

Defendant's statement of facts does not comply with the requirement of Rule 84.04(c). The statement of facts as presented were argumentative and did not present a fair and concise statement of facts relevant to the questions presented for determination.

Furthermore, Rule 84.04(d)(1) requires that points relied on should: 1) identify the trial court's ruling or action that defendant challenges; 2) state concisely the legal reasons for his claim of reversible error; and 3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. Rule 84.04(d)(4) states that "[a]bstract statements of law, standing alone, do not comply with this rule." In addition, Rule 84.04(e) requires the argument section of the brief to include a concise statement of the applicable standard of review. The failure to identify the legal reasons for claims of reversible error, to explain why the legal reasons support the claims, to use the format specified by the rules on submitting proper appellate briefs, or to include a statement of the standard of review; warrant the dismissal of an appeal. *See Hardin v. State,* 51 S.W.3d 129, 129–130 (Mo.App. W.D.2001).

In this case, defendant's three points relied on were as follows:

THE CIRCUIT COURT ERRED IN ALLOWING THE MISSOURI

PROSTITUTION STATUTE TO BE APPLIED IN THIS MANNER BECAUSE SUCH USE IS IN CONFLICT WITH CONSTITUTIONAL GUARANTEES OF FREE SPEECH. THE CIRCUIT COURT ERRED IN CONVICTING THE DEFENDANT BECAUSE THE DEFENDANT'S CONDUCT DOES NOT MEET THE DEFINITION OF PROSTITUTION.
THE CIRCUIT COURT ERRED IN ALLOWING THE PROSECUTOR TO ENGAGE IN MISCONDUCT BECAUSE THE CONSTITUTION OF THE STATE OF MISSOURI, AS WELL AS THE CONSTITUTION OF THE UNITED STATES, GUARANTEES THE DEFENDANT THE RIGHT TO DUE PROCESS AND PROTECTION FROM RELIGIOUS DISCRIMINATION.

Defendant's points relied on do not comply with the requirements of Rule 84.04(d). Defendant does not explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. Also, defendant's points relied on are vague and it is difficult to identify the trial court's ruling and action that is being challenged. In addition, defendant's argument does not include the applicable standard of review. Therefore, defendant's appeal warrants dismissal.

Nevertheless, despite the numerous deficiencies of appellant's brief, we will review *ex gratia* the issue of whether defendant's actions violated section 567.020.

Section 567.020 states "[a] person commits the crime of prostitution if the person performs an act of prostitution." Section 567.010(2) states that "a person commits prostitution if he engages or offers or agrees to engage in sexual conduct with another person in return for something of value to be received by the person or by a third person." Sexual conduct occurs when there is deviate sexual intercourse which means any sexual act involving the genitals of one person and the mouth, hand, tongue or anus of another person. Section 567.010(4)(b). "Something of value" is defined as "any money or property, or any token, object or article exchangeable for money or property." Section 567.010(5).

When interpreting statutes, the appellate court's primary responsibility is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. *State v. Harney*, 51 S.W.3d 519, 532 (Mo.App. W.D.2001). The General Assembly is presumed to have intended what the statute says. *Id.* Thus, when the legislative intent is apparent from the words used and no ambiguity exists, there is no room for construction. *Id.*

The intent of the legislature in enacting the prostitution statute can be inferred from the language used. The intent and purpose of the prostitution statute is to outlaw commercial sexual conduct including but not limited to sexual intercourse. *State v. Burgess*, 669 S.W.2d 637, 639 (Mo.App. E.D.1984).

Reviewing the evidence and reasonable inferences therefrom in the light most favorable to the jury's verdict, disregarding evidence to the contrary, we conclude that the trial court's judgment is supported by substantial evidence. Here, the uncontested evidence showed that defendant engaged in sexual conduct with another person in return for $200. Both defendant and co-defendant performed deviate sexual intercourse by placing their mouths onto the genitals of one another. As already stated, we will reverse the jury's verdict for insufficient evidence only where there is a complete absence of pro-

bative fact to support the jury's conclusion. Based on the record on appeal, we have found substantial evidence to support the jury's conclusion; therefore, we affirm the judgment of the trial court.

JAMES R. DOWD, C.J., and MARY K. HOFF, J., concur.