Naomi R. HOER, Appellant,

v.

Robert SMALL, Individually, and Robert Small as Managing Partner of D.M.C. Family Partnership L.P., and D.M.C. Family Partnership, L.P., Respondents.

No. ED 90892.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 25, 2008.

See also 1 S.W.3d 569.

Alan G. Kimbrell, Ballwin, MO, for Appellant.

Kurt A. Voss, Washington, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

Naomi Hoer (hereinafter, "Hoer") filed two motions seeking to hold Robert E. Small (hereinafter, "Small") and D.M.C. Family Partnership, L.P. (hereinafter "Family Partnership") in contempt for violating a charging order and seeking to have a receiver appointed. The trial court denied Hoer's motions, entering judgment in favor of Small. Hoer raises two points on appeal, claiming the trial court abused its discretion in denying both of her motions.[1] We reverse and remand.

On May 21, 2001, Hoer was granted a charging order against Small to assist her in the collection of monetary damages Small owed to her. Hoer brought this suit alleging Small is in contempt of that charging order. The charging order directed that there should be a sworn answer filed with the court of all amounts distributable or payable to Small from Family Partnership. The charging order further directed that any distributions or payments to Small as a partner or owner in Family Partnership shall be paid to the clerk of the court.

---

1. Small filed a motion taken with the case to dismiss this appeal. This Court agrees with Small that Hoer's statement of facts does not comply with Rule 84.04(c). Attorneys are reminded the purpose of Rule 84.04(c) is to provide this Court with an accurate, complete, and unbiased understanding of facts in the case. *Hoer v. Small*, 1 S.W.3d 569, 571 (Mo.App. E.D.1999). Further, Hoer failed to follow Rule 84.06(f) and Special Rule 330(d). Hoer's opening brief is powder blue and her reply brief is grey. "We note this omission because ... the color-coding of brief covers is an important aid to court personnel who must properly handle, file, and locate thousands of briefs a year...." *In re Marriage of Weinshenker*, 177 S.W.3d 859, 864 (Mo.App. E.D. 2005). However, even with these deficiencies, this Court prefers to resolve issues on the merits when it is able to glean the essence of an appellant's argument. Clearly, Small was not prejudiced in that he was able to present a well crafted respondent's brief. Accordingly, the motion taken with the case to dismiss the appeal is denied.

"A finding of contempt for failure to obey a court order is not justified absent a clear showing that a party bound by such order willfully and contumaciously refused to obey the order." *Loebner v. Loebner,* 71 S.W.3d 248, 259 (Mo.App. E.D. 2002). It is within the trial court's discretion to determine whether non-compliance is punishable as contempt. *Id.*

To establish a prima facie case for contempt, the party alleging contempt must prove: (1) the contemnor's obligation to perform an obligation as required by a judicial decree; and (2) the contemnor failed to meet that obligation. *Basham v. Williams,* 239 S.W.3d 717, 726 (Mo.App. S.D.2007) and *Tashma v. Nucrown, Inc.,* 23 S.W.3d 248, 252 (Mo.App. E.D.2000). "Once a prima facie case has been established, the alleged contemnor must then prove that their [*sic*] failure to meet the required obligation was not due to their [*sic*] own intentional and contumacious conduct." *Basham,* 239 S.W.3d at 726.

Small states Family Partnership's sworn answer was filed by May 24, 2001, at the time of the deposition, but that it was not entered into the court file. Prior to the contempt hearing, the trial court granted Small leave to file the answer so that it could be entered into the court's file. Further, Small admits there have been no payments made to the clerk of the court because Family Partnership has not distributed any income to Small as a partner in or owner of an interest in Family Partnership as of October 24, 2007.

Hoer acknowledges the answers were filed as required by the charging order. Hoer disputes, however, Small's statements that he has not received distributions from Family Partnership. Hoer believes these answers are inaccurate based upon the May 24, 2001 deposition and Exhibit One. Hoer extensively argues the contents of Exhibit One [2] demonstrate substantial evidence supporting her motion for contempt.

Hoer sought to have Exhibit One admitted; Small objected. The trial court stated it would take the matter under advisement and subsequently rule upon the exhibit's admission. However, rather than ruling upon the admissibility of the documents, the trial court issued its judgment in favor of Small. Accordingly, Hoer had no opportunity to make an offer of proof regarding the admissibility of Exhibit One and the record before this Court is incomplete.

The cause is reversed and remanded for further proceedings.

ROY L. RICHTER, P.J., and LAWRENCE E. MOONEY, J., concur.

---

2. Exhibit One contains Family Partnership's banking records. It is unclear to this Court whether Family Partnership is a party to the case below.