

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| MIDTOWN HOME IMPROVEMENTS, INC., | ) | No. ED106721 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 17SL-SC00608-01 |
| | ) | |
| ANTOINETTE TAYLOR, | ) | Honorable Richard Morris Stewart |
| | ) | |
| Appellant. | ) | FILED: March 5, 2019 |

## OPINION

Antoinette Taylor ("Taylor") appeals *pro se* from the trial court's Judgment following a trial *de novo* on Midtown Home Improvements, Inc.'s ("Midtown") small claims petition against her for her failure to pay the balance due under a contract for exterior work on her home. After a trial *de novo*, the trial court entered its Judgment in favor of Midtown in the amount of $4,138.28 plus costs. As Taylor's brief fails to comply with the rules of appellate procedure so substantially that we cannot review this appeal, we dismiss it. We sustain Midtown's motion for an award of attorney's fees on appeal.

### Factual and Procedural Background

On July 30, 2016, Taylor contracted with Midtown to have exterior siding work conducted on her home. Under the contract terms, Taylor initially agreed to pay $21,941.00 for Midtown to replace the siding on her home with 4.5-inch, cream-colored "Midtown" siding.

After several change orders, including the additions of stone panels and gutter screens to the home, the total amount due under the contract was $25,756.00. Throughout the work, Taylor made several payments, but when the work was completed in January of 2017, Midtown did not receive the remaining balance of $2,977.33 and requested payment. When Taylor failed to pay, Midtown filed a small claims petition against her for the amount owed, prejudgment interest, and attorney's fees. On October 10, 2017, a small claims judgment was entered in favor of Taylor. On October 19, 2017, Midtown filed an application for trial *de novo*, and on November 7, 2017, it filed an application for a change of judge.

On November 9, 2017, Midtown's request for a change of judge was granted, and on April 12, 2018, a trial *de novo* was held. During the trial *de novo*, Taylor noted that she had filed a counterclaim on December 5, 2017, but that she was later informed "that there was no record of my counterclaim anywhere." A copy of a file-stamped document denoted "Counter Claim" was submitted to the court, which provided that Midtown "did not provide the siding that I ordered" and that Midtown wrongfully hauled away over-ordered, unused material that Taylor had paid for.[1]

Robert Winchester ("Winchester"), Midtown's General Manager, testified that Taylor signed Midtown's standard contract for exterior work, and that the contract provided that the siding to be installed was "Midtown" siding. Winchester testified that "Midtown" siding is the only type of siding that Midtown sells and that it would not have been possible for a sales representative to sell any other type of siding to Taylor. Winchester testified that he heard of no

---

[1] This document, allegedly filed after Midtown's application for a trial *de novo*, is included in the legal file and is denoted "Counter Claim." The docket sheets do not show this filing, and Midtown's counsel explained that he received no notice of any such filing.

complaints from Taylor about the work until after Midtown initiated collection efforts on the remaining $2,977.33 owed.

Taylor testified that prior to signing the contract, a Midtown sales representative, Zach Kleine ("Kleine"), visited her home several times to discuss the siding she wanted. Taylor testified that Kleine did not provide samples of siding to her, but that he showed her "pictures of what they offered" on an iPad. Taylor testified that while the contract she signed noted that the siding to be installed was "Midtown" siding, she had "no idea what that mean[t]." Taylor testified that as the siding was being installed, she discovered that it was not the siding she wanted or that she thought she purchased; she noted that she later learned that the siding she wanted on her home was Dutch lap siding. She explained that although she told Midtown's workers to stop the installation, they did not, and stated that she could not reach anyone from Midtown by phone to order a stop. Taylor testified that once the work was completed, a Midtown representative requested payment of the remaining balance, but that she answered that he "needs to have his bosses call me because we need to negotiate something…because I didn't order that siding." Taylor further testified that after the work was completed, she noticed several unopened cases of siding and buckets of unused nails. Taylor testified that although she requested to be credited "for all this product that [Midtown] ordered that [that she] paid for," Midtown declined, explaining that it normally uses those extra materials "for the next job."

Following the trial *de novo*, the court entered a Judgment in favor of Midtown, awarding $2,977.33 plus costs, and on May 2, 2018, Midtown filed a motion to amend the Judgment, seeking prejudgment interest and attorney's fees. A hearing on the motion to amend was set for July 12, 2018. Taylor failed to appear, and on July 12, 2018, the court entered its amended

3

Judgment, awarding $4,138.28 in damages, prejudgment interest, and attorney's fees and assessing costs against Taylor.

Discussion

*Pro se* appellants are held to the same standards as attorneys, and all appellants must comply with the Supreme Court Rules, including Rule 84.04, which governs the content of appellate briefs. Carlisle v. Rainbow Connection, Inc., 300 S.W.3d 583, 584 (Mo. App. E.D. 2009). Although we are mindful of the problems that *pro se* litigants face, judicial impartiality, judicial economy, and fairness to all parties mandate that we do not grant *pro se* appellants preferential treatment with regard to complying with the rules of appellate procedure. Id. While we prefer, whenever possible, to dispose of a case on the merits, we must dismiss the appeal if the deficiencies in the brief are such that no claims are preserved for appellate review. Hamilton v. Archer, 545 S.W.3d 377, 379 (Mo. App. E.D. 2018).

Here, Taylor's brief fails to conform with Rule 84.04 in several respects. First, Taylor's jurisdictional statement is insufficient. A jurisdictional statement must "set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of article V, section 3 of the Constitution upon which jurisdiction is sought to be predicated." Rule 84.04(b). Taylor's jurisdictional statement, however, notes only that this action is an appeal from the trial court's Judgment and lists the amounts that were awarded to Midtown. It makes no reference to the constitutional basis for this Court's jurisdiction, and therefore, is deficient. Unifund CCR Partners v. Myers, 563 S.W.3d 740, 742 (Mo. App. E.D. 2018).

Second, Taylor's statement of facts fails to comply with Rule 84.04(c). Rule 84.04(c) mandates that the statement of facts be a fair and concise statement of the facts relevant to the questions presented for determination without argument. "The primary purpose of the statement

4

of facts is to set forth an immediate, accurate, complete and unbiased understanding of the facts of the case." Waller v. A.C. Cleaners Management, Inc., 371 S.W.3d 6, 10 (Mo. App. E.D. 2012) (quoting Rice v. State, Dept. of Social Services, 971 S.W.2d 840, 842 (Mo. App. E.D. 1998)). An appellant must give a "statement of the evidence in the light most favorable to the verdict, not simply recount [appellant's] version of the events." Id. (quoting Hoer v. Small, 1 S.W.3d 569, 572 (Mo. App. E.D. 1999)). Here, Taylor presents a statement of facts that is biased in her favor while ignoring those facts that support the verdict. While she claims that Midtown installed the "wrong siding," she omits the facts that she signed a contract explicitly calling for the installation of "Midtown," not "Dutch lap" siding, and that after Midtown completed the work, she declined its request to pay the remaining balance of $2,977.33. "Emphasizing facts favorable to the appellant and omitting others essential to the respondent does not substantially comply with Rule 84.04." Id. Moreover, Rule 84.04(c) provides that "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Here, however, Taylor's four-page statement of facts cites to the record on only four occasions. The remainder of her assertions are left without citation to the transcript or legal file. "[A]n appellate court will not supply the deficiencies of an inadequate brief by independent, additional research because to do so would be inherently unfair to the opposition and parties in other cases awaiting disposition on appeal." P & J Ventures, LLC v. Yi Yu Zheng, 479 S.W.3d 748, 752 (Mo. App. E.D. 2016) (quoting Anderson v. American Family Mut. Ins. Co., 173 S.W.3d 356, 359 (Mo. App. W.D. 2005)). It is not the role of an appellate court to serve as an advocate for a litigant, and "we have no duty to search the transcript or record to discover the facts which substantiate a point on appeal. That is the duty of the parties, not the function of an appellate court." Id.

Third, Taylor's brief fails to comply with Rule 84.04(d), which provides, in part, that a point relied on shall identify the ruling or action that the appellant challenges. Rule 84.04(d)(1)(A). "The error contemplated by Rule 84.04(d) in a court-tried case is not the judgment itself but the trial court's actions or rulings on which the adverse judgment is based." In re Marriage of Fritz, 243 S.W.3d 484, 486 (Mo. Ap. E.D. 2007) (quoting Wheeler v. McDonnell Douglas Corp., 999 S.W.2d 279, 283 n.2 (Mo. App. E.D. 1999)). Here, however, Taylor's two points relied on merely challenge the trial court's Judgment, asserting that the trial court "erred in concluding in favor of Midtown." Because Taylor's points relied on fail to identify those erroneous actions or rulings made by the trial court upon which the adverse Judgment is based, they are not proper statements of error. Id.

Finally, Taylor's brief violates Rule 84.04(e) pertaining to arguments. Rule 84.04(e) requires an argument to set forth the applicable standard of review. Taylor's brief, however, fails to do so. Additionally, to be compliant with Rule 84.04(e) "[a]n argument must explain why, in the context of the case, the law supports the claim of reversible error" by showing how principles of law and the facts of the case interact. Carlisle, 300 S.W.3d at 585. "[A]n appellant must cite legal authority to support his points relied upon if the point is one in which precedent is appropriate or available; if no authority is available, an explanation should be made for the absence of citations." Fritz, 243 S.W.3d at 488. "If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned." Carlisle, 300 S.W.3d at 585. Here, the majority of Taylor's arguments are mere recitations of the assertions included in her statement of facts interspersed with legal conclusions. The legal conclusions, in turn, are not developed, lack legal analysis and supporting rationale, and are not linked to specific evidence in the case. Movant's sole citation to any legal authority in her brief is

6

to Section 407.020 RSMo 2000 of the Missouri Merchandising Practices Act, but this statute and its attendant claim had not been raised at any point in the proceedings prior to Taylor's brief. The remainder of Taylor's argument is devoid of any citation to relevant legal authority, and it provides no explanation as to why such authority is not available. As a result, Taylor's arguments are deficient under Rule 84.04(e) and preserve nothing for review. Hamilton, 545 S.W.3d at 380.

We acknowledge that Taylor is a *pro se* appellant; however, without further development as to her precise claims of error, we would be required to speculate as to her exact arguments, substituting our own developed arguments for those she raises on appeal. See id. at 380-81. "[T]he function of an appellate court is not to serve as an advocate for the parties on appeal, and this Court must carefully safeguard its role as a neutral adjudicator." Id. "Addressing arguments that a party did not sufficiently develop[] would run the risk of creating poor precedent and manipulating the adversarial process." Id. (quoting Rodieck v. Rodieck, 265 S.W.3d 377, 385 (Mo. App. W.D. 2008)) (internal quotations omitted). This we cannot do.

Midtown also filed a "Motion for Attorney Fees" with this Court seeking attorney's fees incurred on appeal. "Our Court may award a party reasonable attorneys' fees on appeal if they are authorized by written agreement that is the subject of the issues presented on appeal." Frontenac Bank v. GB Investments, LLC, 528 S.W.3d 381, 397 (Mo. App. E.D. 2017). Here, Midtown based its claim for fees on the terms of the contract between Midtown and Taylor, which provides that a buyer who commits a breach of said contract is liable for all costs of collection, including court costs and a reasonable attorney's fee. In turn, the issues Taylor sought to raise on appeal relate to Midtown's ability to collect the amount due on the contract. As such,

7

Midtown is entitled to an award of reasonable fees incurred on appeal.  Per its motion, Midtown is awarded $4,056.25 in attorney's fees on appeal.

Conclusion

Because Taylor's brief so substantially fails to comply with Rule 84.04's mandatory briefing requirements, it preserves nothing for our review. See Hamilton, 545 S.W.3d at 381. We dismiss Taylor's claims of error, and grant Midtown's motion for $4,056.25 in attorney's fees on appeal.

_____
Honorable Mary K. Hoff

Philip M. Hess, Presiding Judge and Robert G. Dowd, Jr., Judge:  Concur