In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE
BRADLEY BURGAN, ) No. ED109137
 )
 Appellant, )
 ) Appeal from the Circuit Court
 ) of St. Louis County
 vs. ) Cause No. 20SL-CC01561
 )
KENNETH NEWMAN, et al., ) Honorable Dean P. Waldemer
 )
 Respondents. ) Filed: March 16, 2021

 OPINION

 Bradley Burgan (“Appellant”) appeals the dismissal of his petition asserting a

defamation claim against Kenneth D. Newman, Corina Newman, and Ted F. Frapolli

(“Respondents”). Appellant raises three points on appeal. We dismiss Appellant’s appeal for failure

to comply with the appellate briefing standards of Missouri Supreme Court Rule 84.04.1

 I. Discussion

 “The briefing requirements of Rule 84.04 are mandatory, and the failure to substantially

comply with Rule 84.04 preserves nothing for review.” Interest of D.A.B., 570 S.W.3d 606, 615

(Mo. App. E.D. 2019). While perfection is not required, compliance with appellate briefing rules

is mandatory “to ensure that appellate courts do not become advocates by speculating on facts

1
 All references to Rules are to Missouri Supreme Court Rules (2020).

 1
and arguments that have not been asserted.” Pearson v. Keystone Temp. Assignment Group, Inc.,

588 S.W.3d 546, 550 (Mo. App. E.D. 2019); see also McGill v. Boeing Co., 235 S.W.3d 575,

578 (Mo. App. E.D. 2007). Our Court has the discretion to review noncompliant briefs ex gratia

rather than dismiss the appeal; however, we exercise this discretion only when “we can ascertain

the gist of an appellant’s arguments, notwithstanding minor shortcomings in briefing.” Unifund

CCR Partners v. Myers, 563 S.W.3d 740, 743 (Mo. App. E.D. 2018); see also Interest of D.A.B.,

570 S.W.3d at 615.

 We decline to review Appellant’s claims because his brief does not substantially comply

with Rule 84.04 and we cannot address his appeal without impermissibly assuming the role of

his advocate by sifting through the legal record, reconstructing the statement of facts, and

crafting a legal argument on his behalf. See State ex rel. Hawley v. Robinson, 577 S.W.3d 823,

827 (Mo. App. E.D. 2019); Kim v. Won Il Kim, 443 S.W.3d 29, 31 (Mo. App. W.D. 2014).

 First, “Rule 84.04(c) requires a fair and concise statement of the facts relevant to the

questions presented for determination without argument.” Duncan-Anderson v. Duncan, 321

S.W.3d 498, 499 (Mo. App. E.D. 2010) (quoting Rule 84.04(c)). Appellant’s statement of facts

consists of a block quote from a letter referenced as “Exhibit A” and bullet points outlining

“[t]he circumstances preceding Exhibit A.” Appellant makes references without providing any

context, leaving us to decipher their relevance to the issues he raises on appeal. He concludes his

statement of facts by arguing that the “only reasonable explanation for the letter” was to defame

Appellant. Appellant’s statement of facts falls short of what Rule 84.04(c) requires and fails to

afford our Court “an immediate, accurate, complete and unbiased understanding of the facts of

the case.” Washington v. Blackburn, 286 S.W.3d 818, 820 (Mo. App. E.D. 2009) (internal

 2
quotation marks and citations omitted). Also, his statement of facts fails to include “specific page

references to the relevant portion of the record on appeal[.]” Rule 84.04(c).

 Second, Appellant’s Points Relied On fail to concisely state the legal reasons for his

claim of reversible error and explain why those legal reasons support his claim of reversible

error. See Rule 84.04(d)(1). “The requirement that the point relied on clearly state the contention

on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of

appellate courts.” Culley v. Royal Oaks Chrysler Jeep, Inc., 216 S.W.3d 235, 237 (Mo. App.

E.D. 2007) (quoting In re Marriage of Shumpert, 144 S.W.3d 317, 320 (Mo. App. E.D. 2004)).

The purpose of Rule 84.04(d) is to give notice to Respondents of the precise matters that must be

contended with and to inform us of the issues presented for review. See id.

 While all of the above deficiencies alone warrant dismissal, it is Appellant’s complete

failure to present a legal argument in compliance with Rule 84.04(e) that causes us to dismiss

this appeal. See Duncan-Anderson,, 321 S.W.3d at 499, 500 (stating that the failure to comply

with the requirements of Rule 84.04(c) and Rule 84.04(d) is grounds for dismissal). To properly

brief the alleged error, an appellant “must explain why, in the context of the case, the law

supports the claim of reversible error by showing how principles of law and the facts of the case

interact.” Midtown Home Improvements, Inc. v. Taylor, 578 S.W.3d 793, 797 (Mo. App. E.D.

2019) (internal quotations and citation omitted).

 In the present case, none of the three points Appellant raises on appeal satisfy the

“fundamental requirement of an appellate argument, which is to demonstrate the erroneousness

of the basis upon which the lower court issued an adverse ruling.” Estate of Hanks, 589 S.W.3d

604, 606 (Mo. App. E.D. 2019) (internal quotations omitted). Appellant’s argument section

includes either short summaries or block quotes from the cases he relies on, but he fails to

 3
develop an argument by demonstrating how the principles of law and the facts of the present case

interact to support his assertion that the trial court committed reversible error. See Midtown

Home Improvements, Inc., 578 S.W.3d at 797. Appellant’s argument mainly consists of bare

conclusions that lack any legal analysis or supporting rational. “Mere conclusions and the failure

to develop an argument with support from legal authority preserve nothing for review.” Porter v.

Santander Consumer USA, Inc., 590 S.W.3d 356, 358 (Mo. App. E.D. 2019) (quoting Wallace v.

Frazier, 546 S.W.3d 624, 628 (Mo. App. W.D. 2018)). For instance, in Point II, Appellant

asserts that “in addressing the issue of the judicial privilege the Court must examine the

legitimacy of the Letter” and concludes the discussion with a short summary of a case from the

Supreme Court of Missouri. Appellant essentially invites this Court to craft an argument on his

behalf and conduct our own research; however, by doing so, we would impermissibly become

Appellant’s advocate. See Hamilton v. Archer, 545 S.W.3d 377, 381 (Mo. App. E.D. 2018)

(“[T]he function of an appellate court is not to serve as an advocate for the parties on appeal, and

this Court must carefully safeguard its role as a neutral adjudicator.”).

 Additionally, Appellant’s arguments fail to include the applicable standard of review for

“each claim of error”; “[t]his requirement is not satisfied by setting out a statement of the

standard of review once at the beginning of the argument portion of a brief.” In re Marriage of

Smith, 283 S.W.3d 271, 275 (Mo. App. E.D. 2009). None of the factual assertions in Appellant’s

argument section “have specific page references to the relevant portion of the record on appeal,

i.e., legal file, transcript, or exhibits” as required by Rule 84.04(e). It is not our duty to

supplement the deficient brief with our own research, thus noncompliance with Rule 84.04(e)

justifies dismissal. City of Bellefontaine Neighbors v. Carroll, 597 S.W.3d 335, 340 (Mo. App.

E.D. 2020).

 4
 Accordingly, due to Appellant’s failure to substantially comply with Rule 84.04, we

dismiss his appeal. We do so reluctantly, preferring instead to decide on the merits when

possible, but his brief is so deficient that we are not able to conduct a meaningful review of his

case without becoming an advocate for him, which we cannot do. See U.S. Bank Nat’l Ass’n v.

Christensen, 541 S.W.3d 16, 21 (Mo. App. E.D. 2018).

 II. Conclusion

 Appellant’s substantial failure to comply with Rule 84.04 preserves nothing for our

review. Accordingly, the appeal is dismissed.

 _______________________________
 Colleen Dolan, P.J.

Robert M. Clayton III, J., Concurs.
Kelly C. Broniec, J., Concurs.

 5