

# Missouri Court of Appeals
## Western District

| | |
|---|---|
| CAITLIN SUMMERS, ) | |
| ) | **WD86411** |
| Appellant, ) | |
| v. ) | **OPINION FILED:** |
| ) | |
| DEPARTMENT OF CORRECTIONS, ) | **May 28, 2024** |
| EMPLOYER, AND DIVISION OF ) | |
| EMPLOYMENT SECURITY, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**Appeal from the Labor and Industrial Relations Commission**

**Before Division Two:  Thomas N. Chapman, Presiding Judge,
Karen King Mitchell, Judge, and W. Douglas Thomson, Judge**

Caitlin Summers appeals the decision of the Labor and Industrial Relations

Commission concluding that she was disqualified from receiving unemployment benefits

because she was discharged by her employer for misconduct connected with work.  Due

to numerous briefing deficiencies, the appeal is dismissed.

## Background

Summers was employed by the Missouri Department of Corrections as a

correctional officer at the Transition Center of Kansas City.  On December 20, 2022, she

was terminated from her position for violation of the department's policies and employee standards. Thereafter, she filed a claim for unemployment benefits.

On January 19, 2023, a deputy of the Division of Employment Security determined that Summers was disqualified from receiving unemployment benefits because she was discharged by the employer for misconduct connected with work. Summers appealed the determination.

The Appeals Tribunal conducted a hearing and ultimately affirmed the deputy's determination on March 21, 2023. Specifically, it found that Summers was discharged for misconduct connected with work due to her failure to make regular patrols of and diligently observe her assigned area (the recreational yard), which allowed an individual to escape custody by scaling the fence; and that such misconduct constituted negligence in such a high degree as to manifest culpability. It further found that her assertion that, as a correctional officer, there was no expectation she was required to patrol her assigned area was not credible. Summers filed an application for review with the Commission.

On May 24, 2023, the Commission affirmed the decision of the Appeals Tribunal and adopted it as its own. This appeal by Summers followed.

On December 18, 2023, this court struck Summers's initial appellant's brief for violations of Rule 84.04. In the order striking the brief, the following deficiencies were specifically noted:

(1) the Statement of Facts lacks specific page references to the legal file or the transcript as required by Rule 84.04(c);

2

(2) the Point Relied On is not in compliance with the specific requirements of Rule 84.04(d); and

(3) the argument section lacks specific page references to the legal file or the transcript as required by Rule 84.04(e).

This court granted Summers additional time to file an amended brief to correct the violations and explained that failure to comply with Rule 84.04 may result in dismissal of a point or the entire appeal.

On January 25, 2024, after receiving an extension of time to file, Summers filed her amended brief. Except for the addition of one paragraph, Summers's amended brief, including her statement of facts, point relied on, and argument, was unchanged from her initial brief. All previously identified violations of Rule 84.04 remained.

## Appeal Dismissed

Rule 84.04 plainly sets out the required contents of an appellant's brief. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022); *Sparks v. Sparks*, 677 S.W.3d 903, 906 (Mo. App. W.D. 2023). "Rule 84.04's requirements are mandatory." *Lexow*, 643 S.W.3d at 505 (internal quotes and citation omitted). "An appellant who does not comply with Rule 84.04's mandates for a point relied on fails to preserve the argument for review." *Sparks*, 677 S.W.3d at 906 (citing *State v. Minor*, 648 S.W.3d 721, 727 (Mo. banc 2022)).

"The appellate courts' continued reiteration of the importance of the briefing rules without enforcing any consequence implicitly condones continued violations and undermines the mandatory nature of the rules." *Id.* (quoting *Minor*, 648 S.W.3d at 728-

3

29).  Where a party has been warned of deficiencies in her briefing and persists in repeating the same errors, the appellate court should not act as an advocate for the party to overcome the briefing problems.  *Lexow*, 643 S.W.3d at 509; *Sparks*, 677 S.W.3d at 906; *J.H. v. A.B.*, 654 S.W.3d 130, 132 (Mo. App. W.D. 2022).  "Dismissal is particularly appropriate where [an] appellant makes no effort to correct deficiencies in [her] amended brief, even after being put on notice of the errors."  *Sparks*, 677 S.W.3d at 906 (quoting *J.H.*, 654 S.W.3d at 132).

Such is the case here.  When Summers's initial brief was struck, this court specifically identified the deficiencies in her brief and gave her the opportunity to file an amended brief to correct them or risk dismissal.  Summers filed an amended brief, but failed to rectify the errors, making no changes to the statement of fact, point relied on, and argument except for the addition of one new paragraph.  Specifically, the statement of facts and argument sections of her amended brief continue to lack references to the record as required by Rules 84.04(c) and (e).[1]  "An appellate court will not supply the deficiencies of an inadequate brief by independent, additional research because to do so would be inherently unfair to the opposition and parties in other cases awaiting disposition on appeal."  *Midtown Home Improvements, Inc. v. Taylor*, 578 S.W.3d 793, 797 (Mo. App. E.D. 2019) (internal quotes and citations omitted).  "It is not the role of an

---

[1] Rule 84.04(c) provides, in pertinent part, "All statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits."  Similarly, Rule 84.04(e) provides, in pertinent part, "All factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits."

4

appellate court to serve as an advocate for a litigant, and it has no duty to search the transcript or record to discover the facts that substantiate a point on appeal. *Id.* Furthermore, Summers's point relied on in her amended brief still fails to comply with the requirements of Rule 84.04(d). Specifically, it does not "[s]tate concisely the legal reasons for the appellant's claim of reversible error" pursuant to Rule 84.04(d)(2)(B) and does not follow the template set out in the subsection (d)(2) for a point relied where the appellate court reviews the decision of an administrative agency.

Finally, Summers's amended brief violates Rule 84.04(e) pertaining to arguments. "[A]n argument must explain why, in the context of the case, the law supports the claim of reversible error by showing how principles of law and the fact of the case interact." *Midtown Home Improvements*, 578 S.W.3d at 797 (internal quotes and citation omitted). "An appellant must cite legal authority to support [her] points relied upon if the point is one in which precedent is appropriate or available; if no authority is available, an explanation should be made for the absence of citations." *Id.* (internal quotes and citation omitted). In her brief, Summers asserts that she could not find "any court cases matching [her] situation" or "directly relevant precedents." While Summers may be correct that there is not a case directly on point, she fails to cite any legal authority concerning ineligibility for unemployment benefits due to discharge for workplace misconduct generally or authority concerning what conduct or failure to act constitutes misconduct connected with work. Summers's argument is a mere recitation of assertions set out in her statement of facts (without reference to the record on appeal) and a legal conclusion.

5

"If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned." *Id.* (internal quotes and citation omitted). To address Summers's undeveloped claim on appeal would require this court to serve as an advocate for her, which we cannot do. *Id.* at 798.

Because Summers was warned of the deficiencies in her brief and did nothing to correct them, the appeal is dismissed for violations of Rule 84.04. *See Sparks*, 677 S.W.3d at 907; *J.H.*, 654 S.W.3d at 133 (appeals were dismissed where appellants were warned of deficiencies in their briefs and they chose not to correct them).

## Conclusion

The appeal is dismissed.

_____
Thomas N. Chapman, Presiding Judge

All concur.