**Denise L. EVANS, Employee/Respondent,**

v.

**GROVES IRON WORKS, and E.M.E., Inc., Statutory Employer,**

**Transportation Insurance Company, Insurer for E.M.E., Inc.**

**No. ED 74176.**

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 8, 1998.

Marc A. Lapp, Brenda G. Baum, St. Louis, for appellant.

John M. Hughes, St. Louis, for Denise L. Evans.

Jeremiah (Jay) Nixon, Julie K. Morian, St. Louis, St. Louis, for Treasurer, State of Missouri, as custodian of the Second Injury Fund.

LAWRENCE G. CRAHAN, Judge.

E.M.E., Inc. ("Employer") appeals the award of the Labor and Industrial Relations Commission holding it liable as a statutory employer for injuries suffered by Denise Evans ("Employee"). On the Court's own motion, Employer's brief is ordered stricken for violating Rule 84.04(c) and the appeal is dismissed.

Employee was injured while working for Groves Iron Works,[1] a steel fabricator. She filed a claim for compensation against Groves Iron Works and E.M.E., Inc., which she alleged was her statutory employer. At the time of the hearing, Groves Iron Works was determined to be in default and the sole issue tried was whether E.M.E., Inc. was liable as statutory employer pursuant to section 287.040.1 RSMo 1994, which provides:

> Any person who has work done under contract on or about his premises which is in the operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employers, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

At trial and on appeal, Employer concedes that Groves Iron Works was performing steel fabrication for it pursuant to an agreement and that steel fabrication was in the usual course of Employer's business. The disputed issue was and is whether the injury occurred "on or about the premises of the employer."

Employer maintained at trial that it did not control the premises on which Groves Iron Works conducted its business and that the property on which Groves Iron Works performed its business was actually owned and controlled by an entity not a party to the case, Construction Fabrication and Supply, Inc. ("CF & S").

The Commission found that Employer is the alter ego or mirror of CF & S and should be considered the same entity. Further, regardless of which entity held actual title to the property where the work was performed, the Commission held that Employer's usual business of steel fabrication was being carried out by Groves employees at Groves premises. Employer was therefore deemed to be the statutory employer and liable for the benefits at issue.

On appeal, Employer claims that there was no substantial and competent evidence that it owned or controlled the Groves premises, that there was no evidence of anything other than a landlord/tenant relationship with Groves, and no evidence that CF & S was its alter ego.[2]

■ We decline to address the merits of these contentions because Employer's statement of facts omits virtually all of the relevant evidence relied upon by the Commission to support its findings.

Rule 84.04(c) requires, *inter alia*, "a fair and concise statement of the facts relevant to the questions presented for determination without argument...." Bearing in mind the nature of the issues Employer seeks to raise on appeal, we note by way of illustration that Employer's brief fails to acknowledge the following evidence which tends to support the Commission's award:

> Testimony by Employer's Controller that the business license application for Groves Iron Works was prepared by E.M.E., Inc. and that an E.M.E. employee notarized Groves' Corporate documents;

> Testimony by Employee that Gus Groves had boasted that he paid no rent for the use of the property and overhead cranes on which Groves Iron Works conducted its business;

> Testimony that a written lease was first entered into between Groves and E.M.E. or CF & S five days *after* the accident at issue and that the Controller had no recollection of whether there had been any

---

1. Groves Iron Works was formed in late 1994 by Janice and Gus Groves. Janice was an employee of E.M.E., Inc. and Gus was a former employee.

2. Employer also challenges an award of interest on medical bills and the Commission's determination that employee should recover costs and attorney's fees. We do not reach these contentions in view of our disposition.

payments by Groves prior to execution of the written lease.

Testimony by Joe Aldotta, E.M.E.'s designated corporate representative,[3] that E.M.E. owned the land and overhead cranes on which Groves conducted its business;

Testimony that, in addition to common ownership, E.M.E. and CF & S had common officers, who were paid by E.M.E., but not by CF & S, even though they did work on behalf of CF & S.

Testimony that CF & S had no separate administrative staff or administrative offices and that all of CF & S's administrative work was performed by employees paid by E.M.E.

Instead of apprising the court of this evidence adverse to its position, Employer's statement of facts selectively recounts portions of its own evidence tending to show that E.M.E., Groves and CF & S had an arms-length relationship. We hold that such egregious omission of virtually all of the evidence relied upon by the Commission fails to preserve any of the issues presented for appellate review.

Aside from violating Rule 84.04(c), failure to acknowledge adverse evidence is simply not good appellate advocacy. Indeed, it is often viewed as an admission that if the Court was familiar with all of the facts, the appellant would surely lose.

Appellate advocacy is not legerdemain. The function of the appellant's brief is to explain to the Court why, despite the evidence seemingly favorable to the respondent, the law requires that appellant must prevail.

▪ The recognized purpose of Rule 84.04(c) is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case. *Porter's Ready–Built, Inc. v. Plummer*, 685 S.W.2d 236, 237 (Mo.App. 1985). However, faithful compliance with the rule also serves another salutary purpose. It should assist appellant's counsel in evaluating whether the appeal should be pursued at all. In worker's compensation cases, for example, the appellate court is required by law to disregard any evidence that might support a finding different from that of the Commission. *Dillard v. Leon Dickens/Forklift of Cuba*, 869 S.W.2d 317 (Mo.App.1994). Thus where, as here, the issue raised is the sufficiency of the evidence to support the Commission's award, the only facts "relevant to the questions presented for determination" are the facts that tend to support the Commission's award. If counsel will objectively prepare a statement reciting only those facts that tend to support the Commission's award, it will often be obvious that the appellate court will have no choice but to affirm the award and that there is no point in pursuing the appeal further.

This principle is not limited to worker's compensation cases. It applies to all types of appeals. Indeed, in view of the requirement that the statement of facts be limited to those facts "relevant to the questions presented for determination," it follows that one cannot prepare a statement of facts that complies with the rule without first determining what standard of review will apply to the points raised on appeal.[4] The standard of review essentially defines what facts are relevant to the questions presented for determination by the Court. If counsel thus adhere to the clear dictates of Rule 84.04(c) and the other requirements of Rule 84.04, they must necessarily evaluate the appeal in precisely the manner it will ultimately be evaluated by the reviewing court. In many cases, the ultimate outcome will be clear.

▪ In the instant case, a fair and concise statement of the facts would have established that the appeal is legally frivolous. The evidence before the Commission was more than sufficient to support a finding that Employer set up its former employee Groves as a non-union subcontractor operating rent free on Employer's own property to carry out the

---

3. Curiously, Employer identifies Aldotta in its statement of facts as an employee of J.R. Steel Works retained by E.M.E. to give instructions to subcontractors. Mr. Aldotta, however, testified that he was an employee of E.M.E., Inc.

4. Revised Rule 84.04(e), effective January 1, 1999, requires that the argument for each point also include a concise statement of the applicable standard of review. Vol. 964–965 S.W.2d [Mo. Cases], p. xxxii.

same type of work that would otherwise have been performed by Employer's own (union) employees. This is the paradigm case for application of section 287.040.1 RSMo 1994.

Appeal dismissed. Pursuant to Rule 84.19, we further award $2,500.00 in damages to Employee, to be paid by Employer no later than 10 days after issuance of the mandate of this court. Employer shall obtain and file a receipt therefor with the clerk of this court within five days thereafter.

JAMES R. DOWD, P.J. and RICHARD B. TEITELMAN, J., concur.