

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| In Re the Marriage of:<br>JANUS LAZARUS, | ) | |
| | ) | |
| Petitioner/Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD36060 |
| | ) | Filed: March 9, 2020 |
| JULIANA JACOB, | ) | |
| | ) | |
| Respondent/Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SILVIA IMANDA LAZARUS, | ) | |
| | ) | |
| Third-Party Respondent/Respondent, | ) | |
| | ) | |
| RICHARD IMANDA LAZARUS, | ) | |
| | ) | |
| Third-Party Respondent/Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Stephen P. Carlton, Judge

**APPEAL DISMISSED**

Richard Imanda Lazarus ("Appellant") appeals from the trial court's "Judgment of Dissolution of Marriage" in five points relied on. Juliana Jacob ("Respondent")[1] filed a motion to

---

[1] Neither Respondent Janus Lazarus, nor Respondent Silvia Imanda Lazarus, submitted briefs. While there is no penalty for that omission, this Court is nevertheless forced to adjudicate Appellant's claims of error without the benefit of whatever arguments these Respondents might have raised. *McClain v. Kelley*, 247 S.W.3d 19, 23 n.4 (Mo.App. S.D. 2008).

dismiss the appeal due to Rule 84.04[2] violations and other briefing deficiencies in Appellant's brief. We sustain the motion and dismiss the appeal.

Appellant and Silvia Imanda Lazarus ("Daughter"), were born of the marriage between Janus Lazarus ("Father"), and Respondent. Respondent and Father are originally from Indonesia, and came to the United States in 1998. The couple became citizens in 2012. Father controlled all the finances due to Respondent's limited command of the English language. Father and Respondent jointly owned three pieces of real estate in Jasper County. In January 2014, all three pieces of real estate were conveyed to Appellant and Sister. Father filed for divorce in July 2015. In March 2017, Respondent filed a motion to add Appellant and Sister as third parties to the dissolution action, alleging the transfers of the three pieces of real estate were fraudulent and with the intent to deprive Respondent of her marital rights. The trial court sustained the motion.

The trial court entered its "Judgment of Dissolution of Marriage" on March 12, 2019. The trial court found that the transfers of ownership to Appellant and Sister were in fraud of Respondent's marital rights, and ordered Appellant and Sister to convey the three pieces of marital real estate back to Father and/or Mother. This appeal followed.

Appellant challenges the trial court's judgment in five points relied on, to-wit:

**I.    POINT RELIED ON NUMBER 1:**

THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST APPELLANT AND HIS SISTER ORDERING THEM TO RECONVEY THE JOPLIN REAL ESTATE TO THE PETITIONER AND THE RESPONDENT ON RESPONDENT'S FRAUDULENT TRANSFER CLAIM, BECAUSE THE COURT'S JUDGMENT WAS AGAINST THE WEIGHT OF THE EVIDENCE AND IT ERRONEOUSLY APPLIED THE LAW IN THAT THE EVIDENCE PRESENTED AT TRIAL CLEARLY AND CONVINCINGLY ESTABLISHED THAT THE TRANSFERS WERE NOT MADE FOR ANY IMPROPER PURPOSE, WERE NOT MADE WITH LACK OF CONSIDERATION, WERE NOT ALMOST THE ENTIRE MARITAL ESTATE, WERE NOT MADE FOLLOWING ANY REPRESENTATION THAT

---

[2] All rule references are to Missouri Court Rules (2018).

THEY WOULD NOT BE EFFECTIVE UNTIL DEATH, WERE NOT MADE IN CLOSE PROXIMITY TO THE FILING OF THE DISSOLUTION ACTION, WERE NOT MADE IN AN EFFORT TO DEFRAUD RESPONDENT, THAT NO CONSPIRACY EXISTED AMONGST THE PARTIES, OR AN ESSENTIAL ELEMENT OF THE FINDING OF THE COURT WAS NEVER PLED NOR TRIED BY CONSENT.

**II.     POINT RELIED ON NUMBER 2:**

THE CIRCUIT COURT MISAPPLIED THE LAW IN RULING THAT THE DEEDS AT ISSUE HEREIN WERE EXECUTED IN FRAUD OF HER MARITAL RIGHTS[.]

**III.     POINT RELIED ON NUMBER 3:**

THE CIRCUIT COURT MISAPPLIED THE LAW IN RULING THAT THE TRANSFER OF THE REAL ESTATE WAS SIMILAR TO A CREDITOR ASKING THAT A DEED BE SET ASIDE WHEN A TRANSFER WAS IN FRAUD OF THE CREDITOR.

**IV.     POINT RELIED ON NUMBER 4[:]**

THE CIRCUIT COURT MISAPPLIED THE LAW IN RULING THAT THE SIGNATURE OF RESPONDENT WAS OBTAINED BY PETITIONER'S UNDUE INFLUENCE OVER HER.

**V.     POINT RELIED ON NUMBER 5:**

IN THE EVENT THAT THE APPELLATE COURT DOES NOT FIND IN FAVOR OF APPELLANT ON HIS FIRST POINT RELIED ON, APPELLANT STATES THAT THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT MANDATING ACTION BY APPELLANT AND HIS SISTER ON A CLAIM IN EQUITY BY RESPONDENT WHICH WENT BEYOND THE SCOPE OF THE RELIEF REQUESTED IN THE PETITION RESULTING IN APPELLANT BEING STRIPPED OF AN ASSET THAT HE HAS HAD SINCE 2004 THOUGH THE COURT FOUND NO WRONGDOING ON HIS PART.

**Governing Principles of Review and Rule 84.04**

In reviewing the judgment from a bench-tried case, we affirm unless an appellant successfully demonstrates that the judgment: (1) is not supported by substantial evidence, (2) is against the weight of the evidence, or (3) erroneously declares or applies the law. ***Archdenkin v.***

*Archdenkin*, 562 S.W.3d 298, 304 (Mo. banc 2018) (internal quotations and citations omitted); *see Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

However, our review is dependent on beginning with an appropriate brief filed by Appellant.

### *Statement of Facts*

Rule 84.04(c) requires that "[t]he statement of facts shall be a *fair* and *concise* statement of the facts *relevant* to the questions presented for determination *without argument*. All statements of facts shall *have specific page references* to the relevant portion of the record on appeal[.]" (Emphasis added). This requirement reflects the controlling principle of review that "[a]n appellant may not simply recount his or her version of the events, but is required to provide a statement of the evidence in the light most favorable to the judgment."[3] Rather, "[t]he function of the appellant's brief is to explain to the court why, despite the evidence seemingly favorable to the respondent, the law requires that appellant must prevail." ***Hoer v. Small***, 1 S.W.3d 569, 571 (Mo.App. E.D. 1999).

In her "Motion to Strike Appellant's Brief and Dismiss Appeal," Respondent accurately recounts fourteen instances where Appellant's Statement of Facts fails to provide specific citations to the record, or provides citations to the record that do not support the fact asserted. Appellant fails to effectively contest these observations.

---

[3] ***In re Marriage of Smith***, 283 S.W.3d 271, 273 (Mo.App. E.D. 2009). *See also* ***Evans v. Groves Iron Works***, 982 S.W.2d 760 (Mo.App. E.D. 1998):

> [F]aithful compliance with the rule also serves another salutary purpose. It should assist appellant's counsel in evaluating whether the appeal should be pursued at all. . . . If counsel will objectively prepare a statement reciting only those facts that tend to support the [decision below], it will often be obvious that the appellate court will have no choice but to affirm . . . and that there is no point in pursuing the appeal further.

*Evans*, 982 S.W.2d at 762.

4

Appellant's Statement of Facts is not fair in that it does not present matters in the light most favorable to the judgment—rather, facts favorable to the outcome (which we consider) are omitted, while facts favorable to Appellant (which we exclude and ignore) are included. Our courts have observed that this manner of failure is "often viewed" as an admission that if all (and only) the relevant facts were before the reviewing court, "the appellant would surely lose." ***Kenneth Bell and NEZ, Inc. v. Baldwin Chevrolet Cadillac, Inc.***, 561 S.W.3d 469, 473 (Mo.App. S.D. 2018) (internal quotation and citation omitted).

### Points Relied On

Rule 84.04(d)(1), which sets out the requirements for an appellant's points relied on, is explicit and demonstrative:

> (1) Where the appellate court reviews the decision of a trial court, each point shall:
>
> > (A) Identify the trial court ruling or action that the appellant challenges;
> >
> > (B) State concisely the legal reasons for the appellant's claim of reversible error; and
> >
> > (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.
>
> The point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'

"Given that a template is specifically provided for in Rule 84.04(d)(1), appellants simply have no excuse for failing to submit adequate points relied on." ***Scott v. King***, 510 S.W.3d 887, 892 (Mo.App. E.D. 2017).

Here, only Appellant's first point (of five asserted on appeal) reflects even an attempt at compliance with Rule 84.04(d)(1). Even there, the analytical defects resulting from Appellant's

non-compliance with Rule 84.04 doom his challenge. Appellant's first point challenges that "[t]he trial court erred" in ordering Appellant and Sister "to reconvey the Joplin real estate to [Father] and [Respondent] on [Respondent]'s fraudulent transfer claim," because "the court's judgment was against the weight of the evidence," and because the trial court "erroneously applied the law." Against the weight of the evidence and erroneous application of the law are separate challenges, and must be presented in separate points to be preserved for appellate review. *Ivie v. Smith*, 439 S.W.3d 189, 199 n.11 (Mo. banc 2014). Appellant's first point would fail on this basis alone.

Appellant's first point next proceeds to assert that "the evidence presented at trial clearly and convincingly established that the transfers were": (1) "not made for any improper purpose," (2) "not made with lack of consideration," (3) "not made following any representation that they would not be effective until death," (4) "not made in close proximity to the filing of the dissolution action," (5) "not made in an effort to defraud Respondent," and (6) "that no conspiracy existed amongst the parties[.]" Appellant also attempts to tack on yet another alternative claim of reversible error at the tail end of this point, to wit: "*__or__* an essential element of the finding of the court was never pled nor tried by consent." (Emphasis added). This point is clearly multifarious—as such, it "does not comply with Rule 84.04, and . . . preserves nothing for review." *Simmons v. McCulloch*, 501 S.W.3d 14, 16 (Mo.App. E.D. 2016) (internal quotation and citation omitted) (indicating that a point is multifarious where the substance of the point is reflected in "sub-points alleging specific examples of the trial court's abuse of discretion.").

### *Argument Section*

Rule 84.04(e) mandates that "[f]or each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved[.]" Appellant fails to comply with this requirement. Rule 84.04(e) further directs

that "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, *i.e.*, legal file, transcript, or exhibits." Appellant makes sporadic efforts at compliance with this requirement, but fails to do so in the vast majority of instances.

Moreover, the underlying substance of Appellant's arguments are entirely unavailing. We lend *ex gratia* treatment to Appellant's Point I argument, discerning that such point comes the closest to complying with Rule 84.04(d). Appellant's argument correctly recites the analytical steps[4] for an against-the-weight-of-the-evidence challenge pursuant to **Houston v. Crider**, 317 S.W.3d 178, 187 (Mo.App. S.D. 2010), but then declares:

> In order to comply with the *Houston*[] decision Appellant will go through all paragraphs of the third party petition in order to show this Court that the Judgment of the trial court was in error in [sic] the weight of the evidence was so lacking in probative value that it fails to induce belief in that proposition.

This approach is ill-advised (and unavailing) in several respects.

**Houston** refers to "***a* challenged factual proposition**, *the existence of which* **is** *necessary* **to sustain the judgment**[.]" 317 S.W.3d at 187. Appellant fails to identify the ***singular*** factual proposition targeted by his against-the-weight-of-the-evidence challenge in his first point. Rather, he attempts to respond to each numbered paragraph in the "third party petition." In addition to lacking thrift, this approach fails to alert Respondent and this Court as to the precise nature of what challenged factual proposition Appellant means to attack (and discards the framework by which

---

[4] **Houston** directs that

an against-the-weight-of-the-evidence challenge requires completion of four sequential steps:
(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
(2) identify all of the favorable evidence in the record supporting the existence of that proposition;
(3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and,
(4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.

317 S.W.3d at 187.

we determine the success—or not—of Appellant's attempt). "Deprived of [this] analytical starting point[,] . . . [Appellant]'s argument simply cannot succeed[.]" *In re Marriage of Schubert v. Schubert*, 561 S.W.3d 787, 800 (Mo.App. S.D. 2018).

Generally speaking, the trial court's explicit and implicit credibility determinations are controlling, and the record is viewed in the light most favorable to the outcome. *See Ivie*, 439 S.W.3d at 205-06. Nevertheless, *Houston*, 317 S.W.3d at 187, allows for the consideration of *certain* evidence contrary to the judgment in the third and fourth steps of its analytical sequence—*i.e.*, where the appellant demonstrates: (1) the evidence was offered by a party with no burden of proof as to the ultimate issue for which that evidence is offered; (2) the efficacy of that evidence is "not based on a credibility determination"; and (3) the evidence is uncontested, uncontradicted, and not "disputed in any manner." *Schubert*, 561 S.W.3d at 802 (internal quotation and citation omitted); *see White v. Director of Revenue*, 321 S.W.3d 298, 304-05 (Mo. banc 2010). In other words, we may only consider contrary evidence in an against-the-weight-of-the-evidence challenge when the necessary effect of that evidence "is legal, and there is no finding of fact to which [we] defer." *White*, 321 S.W.3d at 308.[5] Even if the defects recited *supra* were not fatal to Appellant's brief (and they are), Appellant's argument fails to present the evidence and its reasonable available inferences in accord with the standards applicable to an against-the-weight-of-the-evidence challenge.

---

[5] At the terminus of the argument attendant to Appellant's Point I, Appellant tacks on an additional argument under the heading "**Amended Pleadings**." The corpus of this argument, in toto, is as follows:

> During the trial, Petitioner made no oral or written motion to amend her pleadings or prayer for relief. Third Party Defendants did not consent to an amendment of the pleadings or prayer for relief and Appellant was never afforded the opportunity to challenge or defend an order for re-conveyance of the property rather than a cancellation or voiding of the transfer deeds.

These two sentences, unsupported by citations to the record, legal authority, or analysis, are simply insufficient to warrant substantive treatment (much less relief).

***Respondent's Motion to Dismiss Appeal***

In his Reply Brief, Appellant argues that we should not grant Respondent's motion to dismiss his appeal based on Rule 84.04 violations in his initial brief. He claims that his

> [b]rief substantially complies with the applicable rules of appellate procedure. However, even though some deficiencies are present, such would not impede disposition on the merits. Appellant's Brief, specifically the individual Points Relied On and the Statement of Facts, all give thorough notice not only to the Court of Appeals, but also to Respondents, as to the errors of the Trial Court, the issues presented on appeal and the arguments being asserted by Appellant. The Argument section of the Brief is fully developed and contains all of the necessary information permitting Respondents to address the specific issues and allowing this Court to resolve the appeal on the merits.

Unfortunately, Appellant's brief does *not* substantially comply with Rule 84.04, and these briefing defects *do* impede disposition on the merits. Moreover, "[o]ur preference to resolve matters on the merits[] is not a license for non-compliance with Rule 84.04." ***Bramer v. Abston***, 553 S.W.3d 872, 880 (Mo.App. S.D. 2018) (internal quotation and citation omitted).[6]

Appellant is the moving party on appeal, and **bears the burden** of demonstrating reversible error. Appellant is not entitled to give short shrift to his own obligations on appeal, thereby compelling the responding party to make up the difference in time and effort to protect their own rights, and to then lean on our preference to resolve matters on the merits as a cure for his briefing deficiencies.[7] "When properly adopted, the rules of court are binding on courts, litigants, and

---

[6] The mere fact that Respondent has made a good-faith *attempt* at responding to each of Appellant's five points is hardly sufficient indicia, as Appellant suggests, that no prejudice inures to Respondent.

[7] ***Sullivan v. Holbrook***, 211 Mo. 99, 109 S.W. 668, 670 (Mo. 1908):
> The rules of appellate practice . . . are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. . . . If they are not to be obeyed, they should be done away with once for all. A just rule, fairly interpreted and enforced, wrongs no man. **Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it**—*the very ones it should not injure.*

(Emphasis added).

counsel, and it is the court's duty to enforce them." ***Dorris v. State***, 360 S.W.3d 260, 268 (Mo. banc 2012) (internal quotation and citation omitted).

Respondent's Motion to Strike Appellant's Brief and Dismiss Appeal is granted. Appeal dismissed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. – CONCURS

NANCY STEFFEN RAHMEYER, J. – CONCURS