

# Missouri Court of Appeals

## Southern District

### Division One

MAXWELL BIGGS, )
By His Next Friend )
DERRICK BIGGS, )
and DERRICK BIGGS, Individually, )
　 )
　　　Respondent, )
　 )
vs. ) No. SD36178
) Filed: April 16, 2020
ANGELIA BRINNEMAN, )
　 )
　　　Appellant. )

APPEAL FROM THE CIRCUIT COURT OF PULASKI COUNTY

Honorable Michael V. Headrick, Judge

**<u>APPEAL DISMISSED</u>**

Angelia Brinneman ("Brinneman") appeals from the trial court's "Judgment and Order of Paternity, Custody and Support" whereby the trial court awarded joint legal and joint physical custody of the minor child ("Child") to the parties, and designated Derrick Biggs' ("Biggs") residence as the residence of Child for educational and mailing purposes. Brinneman's brief materially fails to comply with Rule 84.04,[1] and her appeal is accordingly dismissed.

---

[1] All rule references are to Missouri Court Rules (2019).

Child was born to the parties in March 2015. The parties have never been married. On August 28, 2017, Biggs filed a "Petition for Declaration of Paternity, Custody, Visitation and Support."[2] At the time the petition was filed, Child resided with Brinneman in Pulaski County. In his petition, Biggs asserted it was in the best interest of Child that the parties be awarded joint legal and joint physical custody, with his address for mailing and educational purposes, and that no child support be paid by either party. Brinneman filed an answer and counter petition on September 29, 2017. In her answer and counter petition, Brinneman sought sole physical custody and joint legal custody, as well as child support and attorney fees. Both parties submitted parenting plans with recommendations for parenting time.

In September 2018, Brinneman relocated with Child to the state of Kansas without the permission of the trial court, and in violation of section 452.450.[3]

A hearing was held on the relevant pleadings on February 6, 2019. The trial court entered its "Judgment and Order of Paternity, Custody and Support" on February 26, 2019. The trial court considered the factors set forth in sections 452.375 and 452.377, and found that Brinneman was less likely to allow contact between Child and Biggs, based upon her conduct during the pendency of the case, including her relocation to Kansas without the Court's permission and in violation of prior custody orders in place, and for the sole purpose of furthering the career of her paramour to the detriment of Biggs' custodial time. The trial court ordered the parties to have joint custody of Child, with the residence of Child for educational and mailing purpose with Biggs. The trial court also set forth specific terms of parenting time for each party. This appeal followed.

---

[2] DNA testing concluded Biggs was Child's biological father.

[3] All references to statutes are to RSMo 2000, unless otherwise indicated.

2

In one point, Brinneman argues:

> THE COURT ERRED IN FINDING APELLANT [SIC] ACTED IN BAD FAITH, HOWEVER THE RECORD OFFERS AMPLE EVIDENCE THAT THE CHILD'S BEST INTEREST IS SERVED BY RESIDING PRIMARILY WITH APPELLANT; THE RECORD DEMANDS THE INCONSISTENT FINDINGS REQUIRED YET NEITHER MISSOURI CASE LAW NOR THE REVISED STATUTES OFFER ANY GUIDANCE AS HOW TO RECONCILE THE INCONSISTENT FINDINGS.[4]

## Governing Principles of Review and Rule 84.04

Brinneman's brief is not in substantial compliance with Rule 84.04, or the principles governing appellate review. We note only the most serious deficiencies.

### *Statement of Facts*

Rule 84.04(c) directs that an appellant provide the reviewing court with a "fair and concise statement of the facts relevant to the questions presented for determination without argument." This requirement reflects the controlling principle of review that "[a]n appellant may not simply recount his or her version of the events, but is required to provide a statement of the evidence in the light most favorable to the judgment." *In re Marriage of Smith*, 283 S.W.3d 271, 273 (Mo.App. E.D. 2009).[5] Rather, "[t]he function of the appellant's brief is to explain to the court why, despite the evidence seemingly favorable to the respondent, the law requires that appellant must prevail." *Hoer v. Small*, 1 S.W.3d 569, 571 (Mo.App. E.D. 1999).

---

[4] We observe that in the argument section of Branneman's brief, she adds the phrase "SUCH RESULTS ARE NOT CONTEMPLATED" to the end of Point I. We do not discern this difference to be substantive for purposes of our treatment and simply utilize the point as it appears for the first time in the brief, *i.e.*, the section titled "**POINT RELIED UPON**."

[5] *See **Evans v. Groves Iron Works***, 982 S.W.2d 760, 762 (Mo.App. E.D. 1998):

> [F]aithful compliance with the rule also serves another salutary purpose. It should assist appellant's counsel in evaluating whether the appeal should be pursued at all. . . . If counsel will objectively prepare a statement reciting only those facts that tend to support [the decision below], it will often be obvious that the appellate court will have no choice but to affirm . . . and that there is no point in pursuing the appeal further.

Brinneman's statement of facts is not "fair" in that it includes evidence not credited by the trial court, and excludes credited evidence relied on by the trial court in reaching its judgment. The statement is not "concise" as it includes materials not relevant to her challenge or our disposition. As we have previously indicated, "the statement of facts are to include (at least) all those facts utilized in the argument section of a brief[.]" ***Interest of R.J.M.***, 571 S.W.3d 219, 222 (Mo.App. S.D. 2019) (internal quotation and citation omitted). Numerous "facts"[6] in Brinneman's argument section are not present in her statement of facts section.

### *Points Relied On*

Rule 84.04(d)(1) sets out the requirements for an appellant's points relied on— it is explicit and demonstrative:

> (1)  Where the appellate court reviews the decision of a trial court, each point shall:
>
> (A) Identify the trial court ruling or action that the appellant challenges;
>
> (B) State concisely the legal reasons for the appellant's claim of reversible error; and
>
> (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.
>
> The point shall be in substantially the following form:  'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'

---

[6] We are doubtful that gratuity may properly afford such classification in numerous instances. For example, Brinneman's argument section presents the following supporting "facts":  (1) "Such efforts are not reflected to be made on the part of Respondent, whom [sic] ultimately . . . demonstrated disingenuous motives;" (2) "Respondent, by offering his proposed parenting plan is disingenuous at best regarding his opinion of Appellant, her ability to parent and saddest of all, the importance of her place in the minor child's life[]"; and (3) "Respondent is not making his child his first priority and that rather he is prioritizing his own agenda above the priority of honoring the child's rights and needs." We make no effort at an exhaustive recitation—there are numerous instances of such "facts" in Appellant's argument section. At one point, Brinneman's brief even admits that a factual assertion on which she relies "does not exist on the record[,]" and attempts to claim that "an inference ought to then be made that the silence of the record indicates no issue exists[,]" and that such should be interpreted in Brinneman's favor. This does not reflect analysis in accord with our standard of review, or the rules governing appellate briefing.

As Rule 84.04(e) indicates, an appellant's argument "shall be limited to those errors included in the 'Points Relied On.'"  *Id.*  "Abstract statements of law, standing alone, do not comply with this rule."  Rule 84.04(d)(4).

Here, Brinneman's sole point relied on, *supra*, fails to comply with Rule 84.04(d)(1)'s "mandatory 'erred in/because/in that' formula."  *See **Interest of R.J.M.**,* 571 S.W.3d at 223. "Given that a template is specifically provided for in Rule 84.04(d)(1), appellants simply have no excuse for failing to submit adequate points relied on."  ***Scott v. King***, 510 S.W.3d 887, 892 (Mo.App. E.D. 2017).  Moreover, this point fails to "[s]tate concisely the legal reasons for the appellant's claim of reversible error," and to "[e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error."  Rule 84.04(d)(1)(B)-(C).  This defect is fatal to Brinneman's appeal, as "[a] point relied on that fails to comply with Rule 84.04(d) preserves nothing for appeal."  ***Fifth Third Bank v. Estate of Shaw-Schneller***, 586 S.W.3d 887, 888 (Mo.App. S.D. 2019).

### *Standard of Review*

Brinneman's standard of review section correctly recites that our standard of review is controlled by ***Murphy v. Carron***, 536 S.W.2d 30, 32 (Mo. banc 1976).  Directly thereafter (in the same section), Brinneman disregards the same controlling principles espoused in ***Murphy*** with the following digression:

> The specific issue addressed arises from RSMo 452.337.10 (2019).  In the present case, the court erred in its parenting plan awarding Respondent primary physical custody because Appellant's move was not made in bad faith and it was in the best interest of the minor child for myriad significant reasons that the primary caretaker of the child remain Appellant, and not change to Respondent.

Further, even if the finder of fact was correct in finding that the relocation was made in bad faith, the record makes it apparent that the best interest of the parties' minor child was to primarily reside with Appellant, not Respondent; in fact upon examination of the record it is apparent that Respondent has persistent parenting problems in that he repeatedly makes poor choices that detrimentally impact the child, stubbornly refuses to make effort to change behaviors that negatively impact the child, and a multitude of other problematic behaviors too numerous to describe now prohibit the best interest of the child from being served by him being the primary physical custodian of the child. The record is replete with strong evidence of Appellant's parenting skills as well as her efforts to create meaningful contact between the minor child and Respondent. The Abernathy court finds same to carry significant weight in the application of the relocation statute, "The record is replete with strong evidence of mother's parenting skills as well as her efforts to create meaningful contact between [child] and his father." Abernathy v. Meier[,] 45 S.W.3d 917, 920 (2001). In this case, unlike the Abernathy court, the record regarding Appellant's parenting skills is rife with disapproval and judgment because she offers her education and abilities to care for small children as strengths that do speak to her parenting skills in fact being superior to Respondent's. Her honesty regarding her strengths were met with reprisal and construed as examples, somehow, of her weaknesses.

While the record also provides evidence affirming the parenting abilities of Respondent, again it is clear that the best interest of the child requires primary custody with Appellant, the record demonstrates that Respondent, while well intentioned, fails at even basic parenting skills, for example he did not know the name of his child's doctor, he requested and was awarded the address for educational and mailing purposes yet he was utterly clueless as to when his son would commence his education by attending kindergarten.

Where (as here) appellant elects to bifurcate "Argument" and "Standard of Review" into separate sections, argument is best reserved for the "Argument" section. To the extent this discussion can be construed as authorized "argument" pursuant to Rule 84.04(d), we observe that the factual matters presented are not in accord with our standard of review.[7] Additionally, Brinneman fails to provide citations to the record as required by Rule 84.04(e) ("All factual

---

[7] Where "argument masquerades as fact" in an appellant's brief, "this manner of failure is often viewed as an admission that if all (and only) the relevant facts were before the reviewing court, the appellant would surely lose." *See Interest of R.J.M.*, 571 S.W.3d at 222 (internal quotation and citation omitted).

6

assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits.").

## *Argument*

While Brinneman accurately recounts that ***Murphy*** governs our review, her argument is silent as to any of the three authorized ***Murphy*** challenges. 536 S.W.2d at 32 (in a court-tried civil case, the "judgment of the trial court *will be sustained* by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.") (emphasis added). "[T]he trial court's judgment is presumed valid, and the burden is on the appellant to demonstrate that it is incorrect." ***Interest of R.R.S.***, 573 S.W.3d 717, 730 (Mo.App. S.D. 2019). Brinneman fails to so demonstrate. Compliance with ***Murphy***'s requirements is a prerequisite to success on appeal; without such compliance (as here), an appellant's argument simply cannot succeed.[8]

As indicated, *supra*, Rule 84.04(e) requires that "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." While Brinneman makes sporadic attempts at compliance with this requirement in her argument section, a significant portion of the material relied upon therein lacks appropriate citations to the record—to a significant extent, this seems to be due to reliance on argument or speculation as though such were facts proper for our consideration (to be clear, they are not).

> Our preference to resolve matters on the merits is not a license for non-compliance with Rule 84.04. We wield our discretion to overlook briefing violations with caution because each time we review a noncompliant brief *ex gratia*, we send an implicit message that substandard briefing is acceptable. It is not.

---

[8] Brinneman does not succeed at (or attempt) the mandatory analytical sequences for no substantial evidence or against-the-weight-of-the-evidence challenges, as set forth in ***Houston v. Crider***, 317 S.W.3d 178, 187 (Mo.App. S.D. 2010). That said, it is not entirely clear from Brinneman's point or argument whether she intended to raise one, both, or neither such evidentiary challenge in the instant appeal.

*Marck Indus., Inc. v. Lowe*, 587 S.W.3d 737, 743 (Mo.App. S.D. 2019) (internal quotation and citation omitted). The briefing deficiencies in Brinneman's brief doom her challenge, and impede our review. Brinneman's appeal is accordingly dismissed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. – CONCURS

NANCY STEFFEN RAHMEYER, J. – CONCURS