

# Missouri Court of Appeals

## Southern District

### Division One

In Re the Marriage of:　　　　　　　　)
KAREN BLANCHARD　　　　　　　　)
and LESTER BLANCHARD,　　　　　　)
　　　　　　　　　　　　　　　　　　)
KAREN BLANCHARD,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Petitioner-Appellant,　　)
　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　)　　No. SD36521
　　　　　　　　　　　　　　　　　　)　　Filed:  December 4, 2020
LESTER BLANCHARD,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Respondent-Respondent.　)
　　　　　　　　　　　　　　　　　　)

APPEAL FROM THE CIRCUIT COURT OF BARTON COUNTY

Honorable Brandon Fisher, Judge

**APPEAL DISMISSED**

Karen Blanchard ("Wife") appeals from the trial court's "Judgment of Dissolution of Marriage" in three points relied on.  Wife's brief materially fails to comply with Rule 84.04[1] and the governing principle of appellate review in the following respects:  (1) Wife fails to present a fair and concise statement of facts relevant to the issues presented; (2) Wife's points relied on are

---

[1] All rule references are to Missouri Court Rules (2020).

not presented in accord with Rule 84.04(d)'s mandatory template, are multifarious, and Wife's Points II and III fail to allege prejudice (as required in this context); (3) Wife's arguments are not presented in accord with the trial court's findings and credibility determinations, and fail to accommodate the prejudice requirement applicable to this context; and (4) Wife fails to provide the applicable preservation status for any of her claims, and in some instances, presents argument inconsistent with her position and personal testimony at trial.[2] Wife's appeal is accordingly dismissed.

## Facts and Procedural Background

Wife and Lester Blanchard ("Husband") were married on August 9, 1980, and four children were born of the marriage.[3] During the marriage, Husband farmed and operated a hauling business. Wife worked as a registered nurse at several local hospitals. She thereafter took a job as a traveling nurse (primarily in California) whereby she was absent from the home for multiple years.

Wife filed her "Petition for Dissolution of Marriage" on February 6, 2017, and Husband filed responsive pleadings in turn.

A bench trial occurred on June 20, 2019. On July 9, 2019, the trial court entered its Judgment of Dissolution of Marriage. The trial court divided the marital property, non-marital property and debts in accordance with Husband's "Statement of Marital and Non-Marital Assets and Debts." As relevant here, the trial court made the following specific findings:

(4)     Husband's testimony that Wife was surly and would yell at him and the kids regularly does not rise to the level of misconduct, in that those actions did not specifically burden Husband financially. That said, Wife's extended stints as a traveling nurse, particularly multiple years in California, left

---

[2] We also observe that in Wife's arguments, she attempts to utilize the "divide and conquer" approach as to the non-exclusive section 452.330 factors—that approach has been explicitly rejected by our courts, and renders the arguments made in reliance thereon substantively ineffectual.

All references to statutes are to RSMo 2000, unless otherwise indicated.

[3] All four children were emancipated at the time of the dissolution proceedings below.

Husband to handle the marital financial burdens. Wife left Husband taking care of the marital farm and the daily financial requirements, while she lived a completely separate life and provided little to no contribution to the marital obligations.

Furthermore, the Court finds the testimony of the parties' daughter very disconcerting, and an indication of Wife's misconduct as it pertains to insuring she was happy, regardless of marital/familial obligations. The parties' daughter, while in the military, sent money she received as child support to Wife with the understanding that Wife would hold it in a bank for the daughter's son. Daughter's testimony was that she sent $500 per month back to her mother for a period of two years (approximately $12,000). When daughter returned from her military service, she approached Wife about the money and was informed by Wife that "the bank stole it." The Court does not believe that the bank stole the money, but instead, that Wife took her own grandson's funds for her own personal use.

It is clear to the Court that Wife's philosophy during the marriage was her financial comfort, regardless of whether or not she was contributing to the marital obligations or whether she was actually entitled to use funds under her control.

. . . .

[A]fter adjusting the numbers on [Wife]'s exhibit 4 for the loans awarded to Wife ($120,000) and removing the Wife's value of her non-marital asset ($13,000) that leaves Husband $1,116,462 in marital assets and Wife with $156,656. Without considering the factors of [section] 452.330, each party would in theory be entitled to $636,559, with Husband needing to make an equalization payment to Wife in the amount of $479,903. However, when factoring in considerations of [section] 452.330, particularly the Wife's non-marital real property, the equalization potential from Husband to Wife drops to $311,903. The additional factors of Husband's contributions to the marital obligations during periods of separation and Wife's conduct, the Court finds that further deviation from that value is warranted. . . . Husband shall pay to wife an equalization payment of $275,000.

On July 31, 2019, Wife filed a "Motion for Reconsideration or in the Alternative, Motion for New Trial." In paragraph 10 of the motion, Wife asserted, in relevant part, that:

b). The Trial Court assigns Wife the $120,000 listed by both parties as loans to the parties' children; yet, Wife did not participate in the lending of the money or the terms of repayment thereof; rather, the evidence was that but for $30,000 loaned to one of the sons for a land purchase, the remaining marital funds ($90,000) were loaned post-separation by Husband to daughter and two of their three sons. Wife was not privy to these transactions.

3

c). The Trial Court assigns the loan value to Wife as payable by the parties' children without consideration that Wife is estranged from her daughter and one of her three sons – thus putting her in a position of either suing her children to collect said sums, inevitably causing further alienation, or deeming the sums "non-collectible". The finding by the Trial Court is punitive in nature.

d). The Trial Court has stated that Wife was not contributing substantially to the marital obligations during her work as a traveling nurse . . . ; there was no evidence to support this finding. . . . There was nothing in the record to support the findings that Wife left Husband to handle the "marital financial burden" or that she "lived a completely separate life and provided little to no contribution to the marital obligations."

. . . .

g). The Trial Court adjusted the cash equalization due Wife by subtracting the Wife's value of her non-marital asset ($13,000) and then further discounting said sums by subtracting Wife's inheritance (land value) from the monies otherwise due to her. This was contrary to the evidence. . . . There was no evidence at trial to establish the value of the real estate at the time that it was received by Wife and therefore, the Court was free to assign whatever value it felt appropriate. The Court adopted Husband's value. That stated, the value of the real estate should not have had a material impact on the overall division of the marital property; furthermore, it is not income producing so why the Trial Court elected a dollar for dollar reduction to Wife's equalization is not supported by case law or the evidence presented at the time of hearing.

After hearing argument, the trial court denied Wife's motion on December 20, 2019. This appeal followed.

Wife challenges the trial court's judgment in three points relied on:

**POINT RELIED ON – I**

**THE TRIAL COURT ABUSED ITS DISCRETION IN DIVIDING THE MARITAL PROPERTY BECAUSE IT INCLUDED THE VALUE OF WIFE'S NONMARITAL REAL ESTATE (INHERITANCE) IN THE DIVISION OF THE MARITAL PROPERTY AND ASSIGNING TO WIFE LOANS MADE BY HUSBAND TO THE PARTIES' CHILDREN, CONTRARY TO THE EVIDENCE AND THEREFORE THE AGGREGRATE [sic] INCLUSION THEREOF MATERIALLY IMPACTED THE OVERALL DISTRIBUTION OF THE MARITAL PROPERTY.**

4

## POINT RELIED ON - II

THE TRIAL COURT THOUGH REQUIRED TO CONSIDER A PARTY'S CONDUCT DURING THE MARRIAGE IN DIVIDING MARITAL PROPERTY ABUSED ITS DISCRETION IN ITS DISPOSITION WHEN IT PLACED AN INORDINATE FOCUS UPON WIFE'S EMPLOYMENT AS A TRAVELING NURSE AND ALLEDGED [sic] DISREGARD OF MARITAL/FAMIAL [sic] OBLIGATIONS TO SUPPORT A FURTHER REDUCTION IN THE AWARD OF CASH EQUALIZATION IN THAT THERE WAS NO EVIDENCE THAT SAID ACTS PLACED ADDITIONAL BURDENS ON HUSBAND SUCH THAT HE MUST ASSUME A GREATER SHARE OF THE PARTNERSHIP LOAD.

## POINT RELIED ON - POINT III

THE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSION OF LAW IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS AGAINST THE WEIGHT OF THE EVIDENCE PURSUANT TO MO. REV. STAT. § 452.300, IN THAT IT FAILS TO REFLECT THE CONCEPT OF MARRIAGE AS A SHARED ENTERPRISE SIMILAR TO A PARTNERSHIP WITH EACH MAKING HIS OR HER OWN CONTRIBUTION TO THE MARRIAGE THROUGH THEIR OWN ACTS OR DEEDS.

### Governing Principles of Review and Rule 84.04

In reviewing the judgment from a bench-tried case, we affirm unless appellant successfully demonstrates that the judgment: (1) is not supported by substantial evidence, (2) is against the weight of the evidence, or (3) erroneously declares or applies the law. *Archdekin v. Archdekin*, 562 S.W.3d 298, 304 (Mo. banc 2018); *see Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Only errors materially affecting the merits of the action, or prejudicial errors, require reversal. The trial court has broad discretion in identifying, valuing, and dividing marital property. In addition, appellate courts will interfere in marital property divisions only where the division is so unduly favorable to one party that it constitutes an abuse of discretion. This Court presumes the property division was correct, and the appellant bears the burden of overcoming the presumption.

5

In reviewing the circuit court's judgment, this Court accepts as true the facts and all reasonable inferences therefrom in the light most favorable to the judgment. This Court disregards all evidence and inferences to the contrary. This Court does not review credibility determinations or resolutions of conflicting evidence.

*Lollar v. Lollar*, 609 S.W.3d 41, 46 (Mo. banc 2020) (internal quotations and citations omitted) (internal footnote omitted).

Our review, however, depends on Wife's presentation of an appeal complying with the mandatory requirements of Rule 84.04, and attendant principles of appellate review.[4] Wife's brief fails to meet these requirements, and—for the reasons discussed more fully, *infra*—her appeal is accordingly dismissed. In the interests of judicial economy, we address only the most serious deficiencies in Wife's brief.

### *Statement of Facts*

Rule 84.04(c) requires that "[t]he statement of facts shall be a *fair* and *concise* statement of the facts *relevant* to the questions presented for determination *without argument*." (Emphasis added). Wife's facts are not "fair" in that they are not presented in accord with the trial court's adverse fact-findings and credibility determinations; her "facts" are not "concise" in that they do not screen for material *actually relevant* to her instant challenges;[5] and her "facts" are not presented

---

[4] *Lollar*, 609 S.W.3d at 45 n.4:

> An appellant bears the burden to overcome many presumptions on appeal, including the presumption that the circuit court's judgment is correct. **To satisfy this burden, and overcome the judicial preference for finality of judgments, an appellant *must* comply with the rules of appellate procedure**. Compliance with appellate briefing rules is necessary to ensure appellate courts do not take on an advocacy role by easing the burden on the appellant and speculating about facts or arguments that may overcome the presumption that the judgment is correct.

(internal quotations and citations omitted) (emphasis added).

[5] We reflect curiously, for instance, on Wife's decision to present the following "facts" (each in its own paragraph, attendant the chronology of other "facts" presented): "1984, was uneventful[]"; "1986 and 1987, were uneventful[]"; "1989-1991, were uneventful[]"; "1996, was uneventful[]"; "1997-1998, were uneventful[]"; "[b]etween 2002 and 2005 the marriage was uneventful[]"; "2007, was uneventful[]"; "2009, was uneventful[]"; and "2013, was uneventful." Regardless, and by contrast, Rule 84.04(c)'s purpose and mandate is that appellant provide "an *immediate*, accurate, complete, and unbiased understanding of the facts" relevant to the challenged determination. *See* ***Carlisle v. Rainbow Connection, Inc.***, 300 S.W.3d 583, 585 (Mo.App. E.D. 2009) (internal quotation and citation omitted) (emphasis added). Plainly said, Wife's brief does not comply with this mandatory obligation.

6

"without argument," but instead "argument masquerades as fact[,] [which] is prohibited[.]" ***Interest of R.J.M.***, 571 S.W.3d 219, 222 (Mo.App. S.D. 2019).

Our courts have observed that this manner of failure is "often viewed" as an admission that if all (and only) the relevant facts were before the reviewing court, "the appellant would surely lose." ***Kenneth Bell and NEZ, Inc. v. Baldwin Chevrolet Cadillac, Inc.***, 561 S.W.3d 469, 473 (Mo.App. S.D. 2018) (internal quotation and citation omitted). The directives of Rule 84.04(c) reflect the controlling principle of review that "[a]n appellant may not simply recount his or her version of the events, but is required to provide a statement of the evidence in the light most favorable to the judgment."[6] Rather, "[t]he function of the appellant's brief is to explain to the court why, despite the evidence seemingly favorable to the respondent, the law requires that appellant must prevail." ***Hoer v. Small***, 1 S.W.3d 569, 571 (Mo.App. E.D. 1999).

### *Points Relied On*

Rule 84.04(d) requires that each point relied on "be in substantially the following form: "'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'" None of Wife's three points comply with this mandatory "erred in/because/in that" formula. "Given that a template is specifically provided for in Rule 84.04(d)(1), appellants simply have no excuse for failing to submit adequate points relied on." ***Scott v. King***, 510 S.W.3d 887, 892 (Mo.App. E.D. 2017). This defect alone dooms Wife's appeal,

---

[6] ***In re Marriage of Smith***, 283 S.W.3d 271, 273 (Mo.App. E.D. 2009). *See also* ***Evans v. Groves Iron Works***, 982 S.W.2d 760 (Mo.App. E.D. 1998):

> [F]aithful compliance with the rule also serves another salutary purpose. It should assist appellant's counsel in evaluating whether the appeal should be pursued at all. . . . If counsel will objectively prepare a statement reciting only those facts that tend to support the [decision below], it will often be obvious that the appellate court will have no choice but to affirm[,] . . . and that there is no point in pursuing the appeal further.

***Id.*** at 762.

7

as "[a] point relied on that fails to comply with Rule 84.04(d) preserves nothing for appeal[,]"[7] and

"[t]he Court will not consider it." *Piatt v. Indiana Lumbermen's Mutual Insurance Company*,

461 S.W.3d 788, 794 n.4 (Mo. banc 2015).

Moreover, and independently fatal to Wife's appeal, each of her three points relied on is

multifarious—to wit:

> •Point I argues **both** that the trial court (1) "abused its discretion" **and** (2) that its judgment
> was "contrary to the evidence" with respect to the trial court's treatment of "Wife's
> nonmarital real estate" and in "assigning to Wife [the right to collect] loans made by
> Husband to the parties' children";[8]
>
> •Point II argues **both** that the trial court (1) "abused its discretion" **and** (2) that there was
> "no evidence" to support the trial court's weighing of the evidence and findings pursuant
> to Wife's career travel, "disregard of marital/familial obligations," and resulting burdens
> on Husband;
>
> •Point III argues that the trial court's judgment was (1) "not supported by substantial
> evidence **and** [(2)] [was] against the weight of the evidence[,]" **and** (3) was an erroneous
> application of the law in "fail[ing] to reflect the concept of marriage as a shared enterprise
> similar to a partnership[.]"[9]

(Emphasis added). As a result, Wife fails to present any preserved points for our review.

---

[7] *Fifth Third Bank v. Estate of Shaw-Schneller*, 586 S.W.3d 887, 888 (Mo.App. S.D. 2019).

[8] Abuse of discretion, erroneous application of the law, not supported by substantial evidence, and against the weight of the evidence are each "separate and distinct inquiries and require discrete legal analyses"; a point relied on that raises more than one of these claims is multifarious and "preserves nothing for appellate review." *Lollar*, 609 S.W.3d at 45 n.4. **A multifarious point "should not [be] addressed by the court of appeals because it violates Rule 84.04." *Id.* at 50 n.3** (Fisher concurring opinion) (joined in concurring opinion by Draper, C.J., and Stith, J.) (emphasis added).

[9] Even if Wife's Point III were not fatally multifarious, Wife abandoned that point (as well as her Point II) by failing to allege requisite prejudice in the points themselves. *See Alport v. Alport*, 571 S.W.3d 680, 686–87 (Mo.App. W.D. 2019) ("Absent a contention in the point relied on that the erroneous classification resulted in an unfair overall division of property, the claim has been abandoned[.]") (internal quotation and citation omitted). Wife's brief does reflect an attempt in her Point I at satisfying this requirement (in relevant part, alleging the challenged issue "materially impacted the overall distribution of the marital property[]"); it is not clear why her brief thereafter neglects to even attempt this (impliedly) understood obligation, dooming her Points II and III (and the 25 pages of argument and briefing attendant thereto).

*Wife's Standard of Review and Argument Sections*

The standard of review section of Wife's first point demonstrates additional briefing failures. Wife's brief appropriately acknowledges the basic outlines of the abuse of discretion standard, and correctly recites the principle that "[t]he party challenging the trial court's judgment in a dissolution of marriage has the burden of demonstrating error[.]" Unfortunately, Wife's arguments grasp the latter *general* principle of appellate review, and fail to frame her claims in accord with the more fundamental and specific principles governing review in this context. In this respect, at least, Wife's briefing and arguments steer a steady course—this defect pervades and undercuts the arguments in all three of Wife's points.

Significantly, abuse of discretion, not supported by substantial evidence, against the weight of the evidence, and erroneous application of the law challenges are "separate and distinct inquiries and require discrete legal analyses." ***Lollar***, 609 S.W.3d at 45 n.4. "Ultimately, Wife's right to relief depends on whether the circuit court abused its discretion in distributing the marital assets and debts **resulting in prejudice to Wife regardless of whether the circuit court erred**" in making (or failing to make) some other particular finding. ***Id.*** at 45 n.4 (emphasis added).

Wife's Points I and II[10] both relate to the trial court's application of section 452.330, which sets out the orderly step-by-step procedure by which the trial court sets aside and divides marital

---

[10] We observe the following paragraph in Wife's Point II argument:

> I have previously addressed in Point I, the trial court findings consisting of: '. . . that Wife was surly and would yell at [Husband] and the kids regularly does not rise to the level of misconduct, in that those actions did not specifically burden Husband financially. That said, Wife's extended stints as a travelling nurse, particularly multiple years in California, left Husband to handle the marital financial burdens. Wife left Husband taking care of the marital farm and the daily financial requirements, while she lived a completely separate life and provided little to no contribution to the marital obligations. **Accordingly, in consideration of you the reader, I incorporate by reference Point I of this the Appellant's Brief as if set out in full.**'

(internal citation to the record omitted) (emphasis added). To be clear, "[t]he use of incorporation by reference is ***not*** sufficient in the argument section of a Brief." ***Hill v. Ashcroft***, 526 S.W.3d 299, 317 (Mo.App. W.D. 2017) (internal quotation and citation omitted) (emphasis added); ***Sugar Ridge Properties v. Merrell***, 489 S.W.3d 860, 873 n.8 (Mo.App. S.D. 2016). This particular instance does not strike us as an intentional violation, and is not—in and of itself—dispositive of Wife's appeal, and we therefore simply remind appellate counsel of the rule.

9

and non-marital property, and non-exclusive factors for the trial court's consideration in making such determinations. Wife's arguments[11] conflate several of the separate and distinct appellate challenges, they ignore or attack the trial court's explicit or implicit credibility determinations, and impliedly ask us to remake the same or reweigh the evidence (which we cannot do). Wife's arguments materially rely on the divide and conquer approach to the section 452.330.1 factors, which has been previously rejected by our appellate courts, and is rejected here.[12]

Wife's Point III, as discussed more fully *supra*,[13] attempts to combine three separate challenges into a single point relied on. In this instance, having reviewed Wife's Point III argument, we do not discern further treatment to be appropriate. *See **Ivie v. Smith***, 439 S.W.3d

---

[11] In the argument attendant to Wife's Point I, she addresses the trial court's allocation to Wife of the collectable portion of funds transferred by Husband to their children. Wife purports to demonstrate that the amounts Husband transferred to the children should more properly be understood as gifts rather than loans, in that (she asserts) Husband "did not believe that he would be repaid by either of these two children[.]" As the trial court found in its judgment:

> Wife is awarded the value of any loans owed to the parties as stated in paragraph M of [Wife]'s exhibit 4. This provision is not a ruling by the Court that those loans are or are not actually gifts, as that ultimate issue is not before the Court. Both parties included those loans in their statements of marital assets, so the Court is obligated to make the award.

Indeed, the record reflects that Wife's statement *twice* classifies these loans as ***marital property***, designating in the first instance a current total value owed as $120,000 to Wife and $30,000 to Husband (*i.e.*, $150,000 total), and in the next instance, (inconsistently) recounting the total owed as $120,000 to Husband and none to Wife. In Wife's testimony at trial, she asserted that she was concerned with the loans in the respect that Husband

> can go out and buy a tractor and then he can take that off so it looks like he has a loss. Or he can give the kids $30,000 and claim it's labor, ***which is what he did when he loaned the money and stuff***. So he can look like he has a loss and didn't really have a loss.

(Emphasis added). In other words, Wife affirmatively stated that the funds Husband paid to the children in this context were *not* gifts, but actually in the nature of *loans*—the opposite stance now premising her complaint on appeal. *See **Empire Dist. Elec. Co. v. Coverdell***, 588 S.W.3d 225, 235 n.6 (Mo.App. S.D. 2019) ("It is well settled that this Court will not permit a party to take an inconsistent position or complain on appeal about an alleged error which he invited by his own conduct at trial.").

[12] *See **In re Marriage of Sivils***, 526 S.W.3d 375, 385–86 (Mo.App. S.D. 2017) ("analyzing the evidence as to individual factors in isolation rather than as a whole, misapprehends the nature of the non-exclusive, multi-factor test under section 452.330.1.").

[13] *See* n.9 of this opinion.

189, 199 n.11 (Mo. banc 2014) (directing that "distinct claims," as here, "must appear in separate points relied on in the appellant's brief to be preserved for appellate review.").

Appeal dismissed.

WILLIAM W. FRANCIS, JR., J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. - CONCURS

DANIEL E. SCOTT, J. - CONCURS